**Ex parte Randolph WILSON.**

**No. 38339.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 26, 1965.

Wellington Y. Chew, Robert Ziesenheim, El Paso, John R. Lee, Kermit, for petitioner.

Leon B. Douglas, State's °Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is an application filed by petitioner, an inmate of the Texas Department of Corrections, with the District Court of Winkler County, Texas, for a writ of habeas corpus. Pursuant to Art. 119, Vernon's Ann.C.C.P., that Court made the writ returnable to this Court, together with the transcript and application. We shall treat the case as an original application made to this Court.

Petitioner alleges in his application that he was indigent at the time he was convicted and sentenced to 23 years for the offense of robbery by firearms on January 2, 1963, by the District Court of Winkler County, Texas, and that because of his indigent status he was unable to obtain appellate counsel.

We observe that petitioner has attached to his application an affidavit from Honorable Don M. Nugent, dated October 15, 1963, in which Mr. Nugent relates that he was appointed as counsel for petitioner in the trial of his case in Winkler County, Texas. Mr. Nugent states that he and petitioner discussed at length various aspects of the case prior to the actual trial thereof and that if, after the hearing and in the event there was a conviction, and in his opinion the court had committed material error in the trial of the case that he would assist Mr. Wilson (petitioner) with an appeal to this Court. Mr. Nugent stated that on the other hand, if, in his opinion, there was not material error committed that he would simply make all arrangements necessary for an appeal and leave it entirely up to Mr. Wilson and/or his family to make further arrangements. Mr. Nugent further related that after the trial Mr. Wilson voiced the opinion that he would like to appeal the case to this Court, but that he advised him at that time that in his opinion there was no material error in the record and that he could no longer be associated with the case. Mr. Nugent stated that he did notify the court reporter and the district judge that the Wilson family might want a transcript of the proceedings, including a statement of facts and that he prepared and had executed an affidavit in support of the pauper's oath showing that petitioner was financially unable to employ further counsel, which he retained.

 We find no showing of notice of appeal from said conviction. It is obvious to us that petitioner was not deprived of the effective assistance of counsel, as shown by the affidavit of Mr. Nugent. Petitioner has made no showing that he was represented by incompetent counsel on the trial level. He evidently relied upon the advice given him by attorney Nugent and was content to abide by it. There is no showing that petitioner ever filed the pauper's oath and sought a record to appeal his case to this Court, nor did he request the trial court to appoint other counsel for him. We think that Mr. Nugent fully discharged his duty to petitioner. Although petitioner "voiced the opinion that he would like to appeal the case to this Court", it was his responsibility to take the necessary steps to make his opinion a reality by notifying the trial judge and filing his pauper's affidavit.

Finding no merit in petitioner's application, the relief sought is denied.

## ON MOTION FOR REHEARING

MORRISON, Judge.

It is urged that Pate v. Holman, 5 Cir., 341 F.2d 764, requires that petitioner's conviction be held to be void. Petitioner relied upon an affidavit made by his court appointed counsel which we discussed in our original opinion. In such affidavit there is no showing that appellant ever made his wish for appellate review known to the trial judge or to any of the State officials enumerated in Pate v. Holman, supra.

We do not construe Pate, relied upon by petitioner, as holding that a court appointed attorney is such a state official. It should be remembered that Article 494a V.A.C.C.P. provides for compensation of attorneys only for bona fide appeal. It is clear from Attorney Nugent's affidavit that he did not consider petitioner's case as one which would merit a bona fide appeal.

Petitioner's motion for rehearing is overruled.