**Randolph WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39774.**

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

Appellant was charged by indictment in the District Court of Winkler County, in Cause No. 1045, of the offense of robbery with firearms.

In an appeal to this court from a conviction in the year 1961 with punishment assessed at twenty years, the judgment was reversed and the prosecution ordered dismissed because the indictment was funda-

mentally defective. Wilson v. State, 171 Tex.Cr.R. 391, 356 S.W.2d 928.

A new indictment was returned against appellant in said court in Cause No. 1099 and he was again tried and convicted, in the year 1963, of the offense of robbery with firearms and sentenced to serve twenty-three years in the penitentiary. There was no appeal to this court from the conviction.

In the year 1965, appellant sought his discharge from confinement in the State Department of Corrections under the 23-year sentence in a habeas corpus proceeding before this court. Relief was denied in an opinion holding that he had not been deprived of the effective assistance of counsel in the matter of an appeal from the 1963 judgment of conviction. Ex parte Wilson, Tex.Cr.App., 392 S.W.2d 134.

On January 25, 1966, Judge Joe W. Sheehy, of the United States District Court for the Eastern District of Texas, granted appellant's petition for writ of habeas corpus, in civil Cause No. 4535, upon a finding that the 23-year sentence imposed upon him in 1963 in Cause No. 1099, was void because appellant was not allowed the two-day and the ten-day periods provided by Articles 755, 762, and 768, Vernon's Ann. C.C.P., in effect at the time of his trial, in which to file a motion in arrest of judgment or for a new trial before being sentenced in the cause. In his opinion holding the sentence void, Judge Sheehy further found that " 'The fact that the sentence is void does not in any wise void the Judgment of conviction.' " The judgment entered upon such findings granting the writ of habeas corpus directed the respondent to release appellant from custody "and set him free if, within a reasonable time from the date of this judgment, Petitioner has not been resentenced in Criminal Action No. 1099, in the District Court of Winkler County, Texas, with Petitioner and his attorney or attorneys being present in Court at the time the Petitioner is resentenced."

Pursuant to such judgment, appellant was resentenced by Honorable Russell D. Austin, Judge of the District Court of Winkler County, on March 7, 1966, in Cause No. 1099, his counsel being present, to a term of not less than five nor more than twenty-three years in the penitentiary, the sentence providing that it commence the 2d day of January, 1963 (the date of the second trial and conviction).

On such date (March 7, 1966) notice of appeal was given by appellant to this court.

The evidence presented by the state at appellant's trial on January 2, 1963, shows that on the date alleged in the indictment three men entered a place of business owned and operated by the prosecuting witness in Kermit and, with the use of firearms, assaulted and robbed him of over two thousand dollars.

Appellant's written confession, made to Sheriff L. B. Eddins following his arrest, was introduced in evidence, in which confession appellant related in detail his participation in the robbery.

The evidence is sufficient to sustain the judgment of conviction.

In his motion for new trial, filed at the time of resentencing, appellant alleged that the court erred in admitting his confession in evidence in violation of his rights under the Fourth, Fifth, and Sixth, and Fourteenth Amendments to the Constitution of the United States, because it was involuntary and because it was taken after indictment without the benefit of counsel. It was further alleged that the court erred in appointing a new attorney to represent him at his second trial who was not aware of the facts like his court-appointed attorney at his first trial. Such action appellant alleges was tantamount to the appointment of ineffective counsel, in violation of his constitutional guarantees under the Sixth Amendment to the United States Constitution.

While such contentions were not assigned as grounds of error in a brief filed with the clerk of the trial court as required by Sec. 9 of Art. 40.09 of the 1965 Code of Criminal Procedure, we have considered the same as unassigned error under the provisions of Sec. 13 of the statute.

An examination of the record of appellant's second trial does not reflect that any issue was made as to the voluntary nature of his confession. The only objection made to the confession by appellant was that he was not legally warned, which objection was by the court overruled, after a hearing in the jury's absence.

Appellant is apparently relying upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in support of his contention that the confession was invalid because it was made in the absence of counsel.

These two cases have been held not to be retroactive. Escobedo has been held to affect only those cases in which the trial began after June 22, 1964, and Miranda to affect only those cases in which the trial began after June 13, 1966. See: Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Clearly, the cases do not affect the appellant's trial and conviction on January 2, 1963. The contention is overruled.

The record does not support appellant's claim that the court erred in changing his court-appointed counsel between the first and second trials because such action was tantamount to a denial of his constitutional right to the assistance of counsel. In Ex parte Wilson, supra, as heretofore shown, the claim by appellant that he was denied the effective assistance of counsel in the matter of an appeal from the conviction in the cause was by this court overruled.

The judgment is affirmed.

Opinion approved by the court.