PEOPLE *v.* O'NEILL.

1. CRIMINAL LAW—PRELIMINARY QUESTIONS—JURISDICTION.

All preliminary questions about the jurisdiction of a justice of the peace in a criminal action should be settled before trial commences in the circuit court.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JURISDICTION—PRELIMINARY EXAMINATION—TIME LIMIT.

Objection that justice of the peace lost jurisdiction of the case when he did not set a date for preliminary examination on a charge of obstructing an officer in the performance of his duty within the 10-day limitation provided by statute, raised in a motion to quash before trial, but never noticed for hearing, and not raised again while case progressed through one mistrial and another trial, is not considered by the Court of Appeals where, under the circumstances, it does not appear that the error complained of has resulted in a miscarriage of justice (CL 1948, §§ 750.479, 766.4, 769.26).

3. CRIMINAL LAW—CHANGE OF VENUE—PUBLICITY.

Denial of defendant's motion for a change of venue because of publicity accorded his acts in obstructing a police officer in the performance of his duty by local newspaper *held*, not prejudicial to the defendant where the article was published 14 months before trial and on *voir dire* examination none of the jurors recalled reading it (CL 1948, § 750.479).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 378.
[2] 21 Am Jur 2d, Criminal Law §§ 390, 397.
[3] 21 Am Jur 2d, Criminal Law § 426.
[4] 39 Am Jur, Obstructing Justice § 22.
[5] 29 Am Jur 2d, Evidence § 708 *et seq.*
[6] 5 Am Jur 2d, Arrest § 24 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 222.

4. OBSTRUCTING JUSTICE—STATEMENTS OF DEFENDANT—ADMISSIBIL-
ITY IN EVIDENCE.

> Statements made by defendant in the course of, and with vocal
> resistance to, his arrest were part of the *res gestae* of the
> crime of resisting an officer in the performance of his duty,
> where neither admissions nor confessions were properly received
> into evidence without notice by the prosecutor pursuant to
> court rule, and were not rendered inadmissible because the
> defendant was not advised of his constitutional right to keep
> silent (CL 1948, § 750.479; GCR 1963, 785.5).

5. SAME—TESTIMONY—RES GESTAE.

> Testimony about attempt of State trooper to inspect the brakes
> of truck operated by defendant, after he noticed that the
> brake pedal was all the way to the floor of the truck, during
> which attempt defendant struck the trooper as he stepped on
> the running board of the truck, knocked him off the truck
> and proceeded to leave, was relevant and part of the *res
> gestae* in trial for crime of resisting an officer in the per-
> formance of his duty (CL 1948, § 750.479).

6. SAME—ARREST WITHOUT WARRANT—CHARACTER AND MANNER OF
LIFE OF ACCUSED.

> Arrest of defendant for driving with an expired operator's
> license need not be preceded by considerations of the accused's
> character and manner of life, and a defendant charged with
> resisting an officer in the performance of his duties is not
> entitled to an instruction that an arrest without warrant is
> always made at the peril of the officer, and that the officer
> may consider the character and manner of life of the suspected
> person (CL 1948, § 750.479).

7. CRIMINAL LAW—FAIR TRIAL.

> Claimed errors in prosecution for obstructing a police officer in
> the performance of his duties concerning admission of testi-
> mony, argument of prosecutor, and whether defendant received
> a fair trial *held,* not to merit discussion, and to have been
> answered by his counsel at time of sentence by statement
> that defendant had been convicted and had had a fair trial
> (CL 1948, § 750.479).

Appeal from Ionia, Peterson (William R.), J.,
presiding. Submitted Division 3 April 2, 1968, at
Grand Rapids. (Docket No. 3,790.) Decided June
27, 1968.

Walter Henry O'Neill was convicted of obstructing a police officer in the performance of his duties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*William M. Mackay,* for defendant.

Burns, P. J. Defendant appeals from a jury conviction of obstructing, resisting, and opposing a police officer in the performance of his duties. CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747).

Upon leaving the village of Hubbardston after an investigation, Donald Langoni, a Michigan State police trooper, saw the defendant park a truck which bore expired license plates. The defendant showed Langoni his new license plates and informed the trooper that he was on his way to an oil station to have the new plates put on the truck. When Langoni discovered that defendant's operator's license had expired, the trooper told the defendant that he would only issue him a ticket for the expired operator's license violation. As Langoni started back to his cruiser to write the ticket, the defendant started to leave. The trooper turned around and told the defendant to wait while he completed the ticket. After Langoni began to prepare the ticket inside his cruiser, the defendant again started to leave. The trooper ran to the truck and once again asked the defendant to wait. The officer testified that defendant said, "You are not going to give me a ticket because I won't take it." At this time the trooper noticed that the defendant's brake pedal was all the way to the floor, and he informed the defendant that he would have to inspect the brakes.

As Langoni stepped on the running board the defendant struck the trooper, knocked him off the truck and proceeded to the gasoline station. The trooper followed the defendant to the station where another scuffle ensued. The defendant testified that the police officer took his operator's license and went to the cruiser, but he denied that he was ever told to wait or that he struck the officer.

The defendant has received 3 trials. A jury found him guilty at the conclusion of the first trial. After he was granted a new trial, the second trial was terminated on defendant's motion for a mistrial. At the conclusion of his third trial the jury again found him guilty.

The defendant has raised several questions of alleged error, many of which can be consolidated for this opinion.

Defendant argues that the justice of the peace lost jurisdiction of the case when he did not set a date for the preliminary examination within the 10 day limitation of CL 1948, § 766.4 (Stat Ann 1954 Rev § 28.922). Although defendant raised this objection in a motion to quash prior to the second trial, the motion was never noticed for hearing and the case progressed through one mistrial and the trial which is now being reviewed without further mention of the defect. All preliminary questions about the jurisdiction of a justice of the peace should be settled before trial commences. *People* v. *Curran* (1916), 191 Mich 583. Under these circumstances it does not appear that the error complained of has resulted in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Defendant's motion for a change of venue based on publicity accorded the original event in the local newspaper was denied. The article was published 14 months prior to the trial and on *voir dire* examina-

tion none of the jurors recalled reading it. The defendant was not prejudiced by the trial judge's denial of the motion.

Defendant claims that certain of his statements, alleged to be admissions and confessions, should not have been received into evidence because of the prosecutor's failure to give notice pursuant to GCR 1963, 785.5 (376 Mich xlv)* and because defendant was not advised of his constitutional rights in accordance with *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694). The controversial statements, however, were made in the course of and with vocal resistance to the arrest. The statements were part of the *res gestae* and in no sense could fall within the custodial interrogation reasoning of *Miranda;* they were not admissions nor confessions and the receipt of such testimony was proper.

Defendant objected to testimony concerning the attempted brake inspection on the ground that it was incompetent, irrelevant and immaterial. The trial judge said that the testimony was relevant and overruled the objection. The brake episode helped precipitate the present charge against the defendant. We consider the testimony not only relevant but also a part of the *res gestae*.

The defendant alleges that the trial court committed error by failing to give certain instructions to the jury as submitted by the defense. The substance of the charges given adequately covered the essence of 3 of defendant's requested instructions. See *People* v. *Vinokurow* (1948), 322 Mich 26, and *People* v. *Miller* (1959), 357 Mich 400. The court refused to give the following instruction:

"An arrest without a warrant is always made at the peril of the officer. He must realize that his con-

---

* Repealed June 8, 1967. See 379 Mich, Advance Sheet No 4, p xv.

duct is subject to review in court and that his justification is dependent upon the utmost good faith on his part. That he may consider the character and manner of life of the suspected person goes without saying." *People* v. *Ward* (1924), 226 Mich 45.

The case cited by defendant is clearly inapplicable. The undisputed facts justify Officer Langoni's attempt to issue defendant a ticket for driving with an expired operator's license. Such an attempted arrest need not be preceded by considerations of the accused's character and manner of life. The court did not err in refusing to give the above requested instruction.

The defendant alleges several other grounds of error concerning the admission of testimony, argument of the prosecutor to the jury, and questions of whether the defendant received a fair trial. These alleged errors do not merit discussion; they were sufficiently answered by defendant's counsel at the time of sentence when he said, "Your honor, I would like to say this: He has been convicted and has had a fair trial."

Affirmed.

QUINN and ZIEM, JJ., concurred.