Charles Calvin **CAMPBELL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25657.

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1968.

Rehearing Denied Oct. 31, 1968.

trial lawyer and his unfamiliarity with certain rules of evidence and trial procedure, we conclude that when measured by the applicable standard, appellant's representation was adequate. Where inadequacy of counsel is alleged, relief may be obtained only when representation is so inadequate as to make the trial a farce and a mockery of justice, United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963), or when there has been a denial of fundamental fairness, Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).

Judgment affirmed.

---

Kenneth Tekell, Houston, Tex., for appellant.

James R. Gough and Donald L. Stone, Asst. U. S. Attys., Houston, Tex., for appellee.

Before GEWIN, PHILLIPS* and GOLDBERG, Circuit Judges.

**Morris Melvin JOHNS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 26002.

United States Court of Appeals Fifth Circuit.

Oct. 23, 1968.

PER CURIAM:

Charles Calvin Campbell was found guilty by a jury under a two-count indictment charging that he transported in interstate commerce two falsely made and altered customer's drafts with knowledge that they were falsely made and altered in violation of 18 U.S.C.A. § 2314. He was sentenced to ten years imprisonment under each count, the sentences to run concurrently. We affirm.

Appellant's sole specification of error is that he was denied the effective assistance of trial counsel. His defense was conducted by retained counsel of his own choosing. Although the record reveals counsel's inexperience as a

* Harry Phillips, of the Sixth Circuit, sitting by designation.