James Ernest LUCAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43393.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied March 3, 1971.

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft. Enhanced under the provisions of Article 63, Vernon's Ann.P.C., the punishment was assessed at life.

At the outset the appellant contends error was committed when the entire indictment, alleging prior convictions for enhancement, was read to the jury at the commencement of the guilt stage of the proceedings in violation of Article 36.01, Vernon's Ann.C.C.P. See Holcombe v. State, Tex.Cr.App., 424 S.W.2d 635. Appellant's appointed counsel on appeal relies solely upon a statement in the transcription of the court reporter's notes that after the jury was empaneled and sworn "the Indictment was read to the Defendant and the Jury, to which Indictment the Defendant plead Not Guilty * * *." Nothing else in the record supports such claim. The written judgment in the record, to which there was no objection, clearly reflects that only the first paragraph or count of the

indictment charging the burglary was read to the jury. The docket sheet shows that after the verdict of guilty the second and third paragraphs of the indictment were read to the appellant at the penalty stage of the proceedings before the court. There is no merit in appellant's contention.

Appellant next challenges the sufficiency of the evidence to show that he "broke into and thereby entered the building in question."

The record reflects that Officer Anderton and his partner, in response to a burglary call, went to the Safari Club in the city of Dallas at 1 a. m. on April 26, 1967. They found the door of the club slightly ajar and the appellant "crouching" behind a jukebox inside the club. A tire tool and screwdriver were near the appellant as well as "a pan-type utensil with a lot of change."

G. L. Coyle, owner of the club, testified he personally closed and locked the club at approximately 12:15 a. m. on the date in question. After receiving a call from the police he returned to the premises and discovered the front panel of the only door "was broken and the thing on it was bowed up and the top would not even close." He related that was not the condition of the door when he had secured the building earlier that night, and that the repair to the lock cost $40.00. He also testified the "front door was broken" and "both pool tables" were "broken into" and related force had been used to break and enter his business establishment. Coyle revealed that he had not given the appellant consent to break and enter the building in question.

Officer J. P. Schreck testified that the front door of the club had been forced with some type of tool.

We find no merit in appellant's challenge to the sufficiency of the evidence.

Next, appellant complains an oral statement made while he was under arrest was admitted without a showing that he had been warned of his rights as required by

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

After relating he found the appellant hiding behind the jukebox, Officer Anderton on direct examination was asked:

"Q. Did you have any conversation with the Defendant over here at the time he was caught there?

"A. Told him he was under arrest.

"Q. What was his response to that, if anything?

"A. He stood up and put his hands up and asked us not to kill him.

"Q. Did *you* say anything?

"A. *He* said he was caught.

"Q. That's about the size of it?

"A. That's about it." (emphasis supplied)

First, it is observed that the answer complained of was unresponsive and there was no objection to any of this testimony.

■■ It appears the statement was volunteered and was not in response to interrogation so as to call for an application of Miranda. Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Moore v. State, Tex.Cr. App., 440 S.W.2d 643; Wright v. State, Tex.Cr.App., 440 S.W.2d 646. Under any circumstances, the statement would have been admissible as res gestae despite the holding of Miranda. Hill v. State, Tex. Cr.App., 420 S.W.2d 408; Brown v. State, Tex.Cr.App., 437 S.W.2d 828; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912; Spann v. State, Tex.Cr.App., 448 S.W.2d 128; Lucas v. State, Tex.Cr.App., 452 S.W.2d 468. See also People. v. O'Neill, 12 Mich.App. 164, 162 N.W.2d 490 (1968); People v. Bean, 7 Mich.App. 402, 151 N.W.2d 878 (1967).

The next complaint is directed to the admission of hearsay testimony. On direct examination Officer Schreck was asked:

"Q. Did you have a conversation with the two Homicide and Robbery detectives when you entered the scene there?

"A. Yes, sir, I asked them what was going on and they said a man was crouched down beside the jukebox."

■ This testimony was admitted without objection and was the same as earlier testimony which was properly admitted. The other hearsay testimony complained of was elicited on cross-examination of Officer Schreck and presents no error.

Appellant also contends that testimony as to the discovery of the tire tool and screwdriver should not have been admitted since such instruments were never connected with the offense or to him.

■ First, it is noted there was no objection to such testimony. While the prosecution did not clearly establish that such instruments were not in the club at closing time, it was shown they were taken into custody following appellant's arrest and subsequently sold at a police auction.

■ Appellant further complains that the court erred in charging the jury on the failure of the defendant to testify. Smith v. State, Tex.Cr.App., 455 S.W.2d 748, has been decided contrary to appellant's contention. As in Smith, there was no objection to the court's charge.

■ Appellant also urges the court in its charge erred by commenting on the weight of evidence in violation of Article 36.14, V.A.C.C.P.

In his charge at the guilt stage of the trial the judge instructed the jury that: "By force and breaking is meant actual force applied to the house. The slightest force, however, is sufficient to constitute breaking. It may be by opening a door or a window."

First, we note that the charge was substantially similar to the language of Article 1394, V.A.P.C. See Rodriguez v. State, Tex.Cr.App., 419 S.W.2d 372, 374. Still

further, there was no objection made to the court's charge.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2532, p. 859, it is written:

"Where it is alleged that defendant 'did break and enter' it is proper for the charge to inform the jury what is a breaking, and it is better to directly instruct the jury on the facts in evidence, which, if true, would show a breaking, such as 'the opening of a closed door is a breaking;' 'the entry at an unusual place is a breaking;' 'the raising a window and entering therein is a breaking and entry;' and the like, although it is not reversible error to include in the definition of breaking all or any of the statutory illustrations which find no support in the testimony * * *.''

We do not find the judge by his charge commented on the weight of the evidence.

Lastly, appellant complains that he was represented at trial by ineffective counsel. We have carefully examined the record and do not agree. See MacKenna v. Ellis, 5 Cir., 280 F.2d 592; Williams v. Beto, 5 Cir., 354 F.2d 698; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

Appellant's appointed counsel on appeal points out some objections and motions appointed trial counsel should have made. Here we think the words of Williams v. Beto, supra, are applicable:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

Out of the jury's presence the appellant, who had been previously represented in the case by other retained and appointed counsel, testified that his present trial counsel

had satisfactorily apprised him of all of his rights and that he really did not have any complaint against such attorney. His chief grievance seems to be the fact that he had been indicted only for burglary and that such indictment was left pending for two years before he was re-indicted with two prior convictions alleged for enhancement.[1]

The judgment is affirmed.

---

1. The alleged offense occurred on April 26, 1967. The present indictment was presented on March 24, 1969. The one day trial commenced on May 12, 1969. The appellate record did not, however, reach this court until August 7, 1970.