**Amos Lincoln BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44226.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of heroin. Trial was before a jury with punishment set by the jury at life imprisonment.

Appellant asserts, by his first two grounds of error, that the trial court improperly refused his bills of exception. He contends that the court took no action regarding the bills until after the one-hundred day time limit prescribed in Art. 40.09(6) (a), Vernon's Ann.C.C.P. as amended, had expired, and therefore, they were deemed approved by the operation of law. The record, however, indicates that the bills *were* refused within the required time. Appellant contends that the trial court back-dated its endorsement refusing the bills.

It is elementary that a mere statement in an appellant's brief is not suf-

ficient to impeach the record. See, Anderson v. State, 445 S.W.2d 752 (Tex.Cr.App. 1969); Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620 (Tex.Cr.App. 1959); Lucas v. State, 216 S.W.2d 820 (Tex.Cr.App.1949). No bystanders' bill appears in the record. Therefore, the bills are not before us for review.

Appellant complains by his seven remaining grounds of error that he was "denied a fair trial with the effective assistance of counsel." In each ground he lists some act or omission by his trial counsel as evidence in support of contention.

■ The measure for determining whether a defendant was denied the effective assistance of counsel at trial is whether representation by counsel was so inadequate as to make the trial a farce and a mockery of justice. Foster v. Beto, 412 F.2d 892 (5th Cir. 1969); Campbell v. United States, 401 F.2d 894 (5th Cir. 1968); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970); Washington v. State, 450 S.W.2d 630 (Tex.Cr.App.1970). Applying this test to the instant case, we do not find that appellant was denied the effective assistance of counsel.

■ That appellant's counsel on appeal would have conducted the trial in a different manner does not mean that the trial counsel was ineffective. As was so aptly stated by the United States Court of Appeals, Fifth Circuit:

"* * * the fact that some other lawyer followed a different course in another case, or would have done differently had he been acting as counsel, is no ground for branding the appointed attorney with the opprobrium of ineffectiveness * * * or incompetency. The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the

better light of hindsight." Williams v. Beto, 354 F.2d 698, 706 (5th Cir. 1965), accord, Lucas v. State, 463 S.W.2d 200 (Tex.Cr.App.1971).

The judgment is affirmed.