Albert JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44899.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Tracy & Cook by Earl W. Tracy, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal results from a conviction for sale of heroin where the punishment was assessed at 7 years by the court following a waiver of trial by jury and a plea of not guilty.

In his first two grounds of error appellant urges the trial court "erred in allowing a State's witness to reiterate statements contained in an offense report" and "erred in admitting testimony based on refreshing of a past recollection and not a present recollection."

Herado Rangel, San Antonio police officer, testified that he worked as a narcotics undercover agent from February 15 to December 3, 1970; that he grew a beard, let his hair get long, wore old clothes and a hat and didn't take a bath for two or three months. He related that on September 22, 1970, he purchased one capsule of heroin from the appellant; took it immediately to the police station and field tested the capsule, then wrote a handwritten report of the alleged offense. He turned the capsule and the report over to Detective Carpenter and returned to "the field".

On cross-examination he related that Carpenter had typed an offense report from his handwritten report. Upon request, the prosecutor made available to appellant's counsel a copy of a typed report

entitled "Supplemental Report" which report appellant's counsel promptly introduced into evidence before the court.

Subsequently, Rangel testified that he did not know what disposition had been made of his handwritten memorandum but that the day after the alleged offense he had checked the typed report and found it true and correct, "word for word". When asked, on cross-examination, if he had "any personal recollection of this transaction" other than the report, he replied he was testifying from "his own mind and the report." Later he revealed that prior to trial he had refreshed his memory by reading the typed report.

At this point appellant objected to Rangel's entire testimony because he had refreshed his memory from a typed memorandum not in his handwriting, not signed or initialed by him, and not verified by "as being exactly a copy" of his handwritten memorandum.

The objection was overruled.

Detective Manuel Ortiz was called by the State. On cross-examination he testified he had been the person who typed the supplemental report from Rangel's handwritten report or field notes and he had also prepared the typewritten offense report which the appellant then introduced into evidence. Ortiz revealed that the handwritten report was discarded after the preparation of the written report, a customary practice within the San Antonio Police Department.

■ It is clearly permissible and proper for an officer to refer to the notes he has made for the purpose of refreshing his memory. Davis v. State, 168 Tex.Cr.R. 588, 330 S.W.2d 443 (1959).

■ It would be absurd to say that the rule has no application because the report has been transcribed or typed by someone else and the witness refreshes his memory from the typed report, particularly where as in the instant case the witness had ex-amined the report and found it correct "word for word" with his earlier handwriting memorandum. Under these circumstances, we know of no requirement that the report written in the first person must be signed or initialed by the witness before it can be used for refreshing the memory.

In Richardson v. State, 432 S.W.2d 100 (Tex.Crim.App.1965) this court found no error in an officer-witness refreshing his memory from a case report he had helped prepare along with other officers.

■ Further, it is not necessary that the memorandum have been made by the witness so long as it refreshes his memory. Putnam v. United States, 162 U.S. 687, 16 S.Ct. 923, 40 L.Ed. 1118; Stephens v. State, 93 Tex.Cr.R. 164, 245 S.W. 687 (1922). See also Artell v. State, 372 S.W.2d 944 (Tex.Crim.App.1963) cert. den. 375 U.S. 951, 84 S.Ct. 439, 11 L.Ed.2d 312; Leal v. State, 442 S.W.2d 736 (Tex.Crim.App. 1969).

In 1 Branch's Ann.P.C.2d Ed., Sec. 182, p. 189, it is stated that:

"When the witness recollects seeing the writing before but has now no independent recollection of the facts mentioned therein, yet if he remembers that at the time he saw it he knew its contents to be correct, he may read from the writing."

Further, we are not here dealing with a trial court's refusal to order that reports made by other individuals and used by witnesses to refresh their memories be produced for the purpose of cross-examination and possible impeachment which question has sometimes divided the court. See, i.e. Leal v. State, supra; Artell v. State, supra; Rose v. State, 427 S.W.2d 609 (Tex. Crim.App.1968); cf. Dover v. State, 421 S.W.2d 110 (Tex.Crim.App.1967).

Still further the appellant himself introduced into evidence the "Supplemental Report" and the offense report based thereupon. The reports were entirely consistent with Officer Rangel's testimony.

We perceive no error or merit in either one of appellant's first two grounds of error.

Appellant's counsel at the "special request" of the appellant advances six other grounds of error. These have been examined and found to be without merit, including the claimed discrepancy in the State's testimony as to whether Carpenter or Ortiz typed the "Supplemental Report." The jurisprudence of this state cannot be aided by a discussion of non-meritorious contentions.

The judgment is affirmed.