**Albert JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44648.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

Tracy & Cook by Earl W. Tracy, Jr., San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of heroin. The appellant plead guilty before the court, and his punishment was assessed by the court at imprisonment for 17 years.

Appellant raises three grounds of error. In his first ground, he contends that the trial court erred in accepting the plea.

The record reflects that appellant, when asked by the court, "Are you pleading guilty because you are guilty?" replied, "I am pleading guilty because I have no defense." Thereafter, the court asked appellant: "Well, the question is, are you pleading guilty because you are guilty? You say you have no defense to it? You have no defense to the possession of narcotic drugs and therefore you are guilty?" The appellant responded: "I plead guilty." The court then proceeded to admonish the appellant in accordance with Article 26.13, Vernon's Ann.C.C.P. After the receipt of evidence, and verdict of court, but before passing sentence, the court, in accordance with Art. 42.07, V.A.C.C.P., granted appellant the right of allocution. At that time, appellant stated: "Well, just as to why you shouldn't sentence me, I can't give a reason why you shouldn't, but actually, the sentence that you are about to—they knew this wasn't my heroin, they also know I am not an addict, there is not a needle mark on me anywhere. But, I accept it, your Honor, . . ."

■ Appellant contends that in light of this statement by him, that the court improperly accepted the plea. We do not agree. The admonishment was proper, and appellant answered that he was not influenced by fear, threats, abuse, force, or promises. A plea of guilty not supported by an express admission of guilt, if supported by a factual basis, is not violative of the United States Constitution. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In this case, stipulations provided ample evidence of guilt, as discussed hereafter in connection with appellant's second ground of error. In the present case, appellant was obviously aware of the consequences of his plea, and, for whatever reason chose to plead guilty. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the stipulated evidence was not sufficient to support the

conviction. He points out that in a police arrest report and laboratory analysis report, offered by the State as part of the stipulated evidence, that his name is misspelled. In particular, he points out that in the arrest report, his name is spelled *Alfred* Johnson, instead of *Albert* Johnson. He contends that because of the variance, the evidence is insufficient.[1] This contention is without merit.

The written stipulation, signed by appellant and his counsel states ". . . defendant judicially confesses that on December 2, 1970, in Bexar County, Texas, he did unlawfully possess a narcotic drug to wit Heroin." Appellant further stipulated that "he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment charging the offense of Possession of Narcotics: to wit Heroin are true and correct . . .." In light of these stipulations, the evidence is sufficient to support the conviction. McNeese v. State, 468 S.W.2d 801 (Tex.Cr.App.1971). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that he was denied the effective assistance of counsel. He raises several objections to the circumstances surrounding his arrest, and the admission of the fruits of a search. He contends that his trial counsel failed to develop certain evidence at the hearing on a motion to suppress, which was held prior to the trial. (Apparently appellant changed his plea after the motion was denied.)

■The measure for determining whether defendant was denied the effective assistance of counsel at trial is whether representation by counsel was so inadequate as to make the trial a farce and a mockery of justice. Foster v. Beto, 412 F.2d 892 (5th Cir. 1969); Campbell v. United States, 401 F.2d 894 (5th Cir.

1968); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Brooks v. State, 473 S.W.2d 30 (Tex.Cr.App.1971); Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970); Washington v. State, 450 S.W.2d 630 (Tex.Cr.App. 1970).

■ In light of the entire record including appellant's trial counsel's filing of a motion to suppress evidence and his conducting a thorough cross-examination of the State's witnesses at the hearing on the motion, we cannot conclude that the trial in this case met this test.

That appellant's counsel on appeal would have conducted the trial in a different manner does not mean that the trial counsel was ineffective. As was so aptly stated by the United States Court of Appeals, Fifth Circuit:

"* * * the fact that some other lawyer followed a different course in another case, or would have done differently had he been acting as counsel, is no ground for branding the appointed attorney with the opprobrium of ineffectiveness * * * or incompetency. The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." Williams v. Beto, 354 F.2d 698, 706 (5th Cir. 1965), accord, Brooks v. State, 473 S.W.2d 30 (Tex.Cr.App.1971); Lucas v. State, 463 S.W.2d 200 (Tex.Cr.App.1971).

■ Appellant also complains that although Charles H. Jackson, Jr., was appointed as his counsel, he was represented by Charles H. Jackson, III. There is nothing in the record to indicate that appellant was dissatisfied with his representation. The change alone does not indicate that appellant was denied the effective assist-

---

1. The signed stipulation reflects that appellant is the same person named in arrest reports, etc.

ance of counsel.[2] Cf. Wilson v. State, 407 S.W.2d 508 (Tex.Cr.App.1966).

 Subsequent to the filing of his brief and the record in the trial court and in this Court, appellant has filed a supplemental transcript, a "Supplement to Court Reporter's Statement of Facts," and an instrument styled "Appellant's Motion to Have the Court of Criminal Appeals of Texas Consider the Supplement to Court Reporter's Statement of Facts." Upon examination, we find that the latter instrument contends that the court reporter inadvertently omitted from the record a transcript of a "Hearing on Writ of Habeas Corpus." Appellant is apparently attempting to raise the trial court's refusal to lower the amount of appellant's bail at a pretrial hearing on an application for writ of habeas corpus, on this appeal. The supplemental transcript contains an order directing that a supplemental statement of facts be prepared in Cause No. 70–1602. No copy of any application for writ of habeas corpus appears in the supplemental transcript, nor any order of the court other than the one aforementioned. The supplemental statement of facts contains a transcript of a court reporter's notes of testimony taken at a proceeding which appears to be a hearing on an application for writ of habeas corpus. It likewise is numbered 70–1602, and is styled The State of Texas v. Albert Johnson. It reflects that the proceedings took place on January 15, 1971. The record in the cause on appeal is numbered 71–181 in the court below. The record reflects that the indictment in the present case was returned on February 3, 1971, and the trial was held on March 3, 1971. The docket sheet in the present case makes no mention of any proceeding held on January 15, 1971. We therefore conclude that the supplemental statement of facts concerns some other proceeding not a part of this cause. It is apparent that appellant is attempting to combine an appeal from a refusal to reduce bail with the appeal of this case. He does so in a motion not properly filed in the trial court. His remedy for a denial of bail, or a refusal to reduce bail is by appeal from that order. The instruments forwarded to this Court form no part of the record in this cause, and will not be considered for any purpose.

The judgment is affirmed.

2. In a companion case, Johnson v. State, 478 S.W.2d 952 (Tex.Cr.App., delivered

February 23, 1972), both Jacksons represented appellant.