TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00028-CR






Nathaniel Drew Carter, III, Appellant



v.



The State of Texas, Appellee







FROM THE CRIMINAL DISTRICT COURT OF DALLAS COUNTY


NO. F-0273284-IH, HONORABLE JANICE L. WARDER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Appellant Nathaniel Drew Carter, III, appeals his conviction for burglary of a
building. See Tex. Pen. Code Ann. § 38.02 (West 2003). The jury found appellant guilty, found the
allegations as to two prior felony convictions to be "true," and assessed punishment at twenty years'
imprisonment.


Points of Error

 Appellant advances three points of error. First, appellant contends that the trial court
erred by misstating the applicable parole law to the jury panel during voir dire examination. Second,
appellant claims that the trial court erred in overruling his objection to the admission of his custodial
statement made without the benefit of Miranda (1) warnings. Third, appellant urges that the trial court
erred in overruling his objections to the admission of his custodial statement "and other testimony
about the unattended children." We will affirm the conviction. 


Background

 Appellant does not challenge the legal or factual sufficiency of the evidence to
support his conviction. A brief recitation of the facts will place the points of error in proper
perspective.

 The burglary occurred at 306 Satinwood in Dallas County on August 28, 2002,
between noon and one o'clock in the afternoon. Mary Velasquez testified that she was home at the
time in question when her sister-in-law, Alicia Velasquez, "called" her to come to Alicia's house
across the street because someone was trying to break into a house nearby. Mary went to Alicia's
home and saw a man climb into a window of a house across the alley from Alicia's home. The man
was dressed in a white T-shirt and gray shorts. Mary telephoned 911 and reported what she had seen. 
She did not see anyone leave the house until the police arrived five minutes later. Mary observed
the police take custody of the man when he climbed out of the window. She did not get a good look
at the man's face, but she thought that he was the same person who entered the house.

 Alicia Velasquez corroborated Mary's version. She had seen a man trying to open
a window of the house and called Mary. She later saw the man entering the house through the
window and observed the police taking the man out of the house through the same window. Alicia
believed that the man was the same individual who entered the house earlier but she did not get a
good look at his face. 

 Dallas Police Officer Kurt Manasco testified that he and his partner, Officer Maloney,
arrived about one o'clock in the afternoon at the 306 Satinwood address. He saw a back window
with a broken pane. While waiting for a back-up team, Manasco saw appellant in the back window
with socks on his hands. Manasco ordered appellant out of the house and he and his partner helped
appellant out of the window. Appellant was handcuffed. In addition to the socks, appellant was
found to be in possession of a screwdriver and plastic gloves in his pockets. Appellant told the
officers no one else was in the house. He gave his home address as 413 South St. Augustine Street. 
Appellant was placed in the squad car as the officers awaited a search team to determine if anyone
else was in the house.

 Officer Donald Randle testified that he arrived at the scene, climbed through the
window earlier described, and opened a door for the other officers. The search revealed no other
individuals in the house. Randle saw, however, a drill, a chainsaw, and a television set stacked near
the broken window. 

 Jerry Inzer testified that he lived in Austin and owned the house in question at 306
Satinwood in Dallas. He related that he was in the process of remodeling the house and using it to
store materials for himself and his parents. He had not given appellant or anyone else permission
to break and enter his house. Inzer had seen appellant at the residence next door, and had waved at
him several times, but did not know his name. After the Dallas Police notified him on August 28,
2002, about the burglary, Inzer came to Dallas a day or two later. He found the glass broken in the
back window, and discovered that a chainsaw, a drill and other things had been moved near the back
window. Inzer described the house as being locked and secured at all times. 


Parole Law Instruction

 In his first point of error, appellant argues that the trial court erred by misstating the
parole law to the jury panel during voir dire examination in response to a prospective juror's
question. There was no objection to the trial court's answer. Nothing was preserved for review. See
Tex. R. App. P. 33.1. Any error was waived. See Rhoades v. State, 984 S.W.2d 113, 119 (Tex.
Crim. App. 1996); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

 If any argument for preservation of error may be made, we observe that the indictment
alleged the primary offense of burglary of a building, a state jail felony, enhanced by allegations of
two prior felony convictions to a second degree felony. See Tex. Pen. Code Ann. § 12.42(a)(2)
(West Supp. 2004). The punishment range for a second degree felony is not more than twenty years
nor less than two years' imprisonment. In addition, a fine may be imposed not to exceed $10,000. 
See Tex. Pen. Code Ann. § 12.33 (West 2003). The punishment for the primary offense, a state jail
felony, is not more than two years nor less than 180 days in a state jail. In addition, a fine may be
imposed not to exceed $10,000. See Tex. Pen. Code Ann. § 12.35 (West 2003).

 During the voir dire examination, a discussion arose concerning the possible range
of punishment. It appears every effort was made to state the proper range of punishment without
reference to the prior convictions alleged for enhancement of punishment. One prospective juror
asked the trial court: "If you did give a person 20 years what is he susceptible of serving?" The
State points out that the trial court's response was legally correct and limited to the question asked. 
We do not understand appellant to disagree. Appellant's contention raised on appeal is only that the
trial court should have gone further and instructed the jury that parole was not applicable to a
conviction for a state jail felony. Appellant cites Best v. State, 118 S.W.3d 857, 866 (Tex.
App.--Fort Worth 2003, no pet.). Best does hold that a person convicted of a state jail felony is not
entitled to parole or good time credit. Id. at 866 (citing Tex. Gov't Code Ann. § 508.141(a) (West
1998) and Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(i) (West Supp. 2004)). Appellant
acknowledges that he has been unable to find any case law that would require a trial court to instruct
the jury that parole is inapplicable to state jail felony sentences. Best, however, points out that article
37.07 of the Texas Code of Criminal Procedure (2) is silent on the matter, and because the legislature
has not specified that juries be informed that parole or good time credits do not apply to state jail
felonies, such instruction is not required. Id. Appellant's first point of error was not preserved for
review. Under any circumstances, however, it is without merit. 


Oral Custodial Statements

 In his second point, appellant claims that the trial court erred in overruling his
objections to the introduction of his oral custodial statements made without benefit of the Miranda
warnings. Prior to his testimony, Officer Kurt Manasco was taken on voir dire examination in the
jurors' absence first by the prosecutor and then by the defense counsel as to the oral statements made
to him by appellant. Manasco testified that after appellant was taken into custody, he was
handcuffed and placed in the squad car. The officer related that he and his partner were going to take
appellant to the Southeast Investigative Division to be interviewed by detectives. Manasco stated
that patrol officers do not generally ask questions of a defendant except on safety issues. He had not
given the Miranda warnings to appellant at the time. Manasco revealed that they waited at the scene
for the arrival of a search team. During this interval, Manasco began to fill out a booking slip. At
this point, appellant asked with what offense he was being charged. Manasco replied, "Burglary." 
Appellant then volunteered that he knew the owner of the house, was "friends with him." Appellant
kept repeating that he did not burglarize the house. After an interval, appellant stated that he heard
someone breaking into the house and he went to investigate. Manasco testified that none of the
statements appellant made were the result of custodial interrogation or questioning by the police. 

 On the voir dire examination, appellant objected to all statements made by him when
he had not been "Mirandized" or given "his 38.22 warnings." The trial court overruled the
objections. "Volunteered statements of any kind are not barred by the Fifth Amendment and their
admissibility is not affected by our holding today." Miranda v. Arizona, 384 U.S. 438, 478 (1966)
(emphasis added); see also Rhode Island v. Innis, 446 U.S. 591, 300 (1980); Jones v. State, 795
S.W.2d 171, 176 (Tex. Crim. App. 1990); Walker v. State, 470 S.W.2d 669, 671 (Tex. Crim. App.
1971); Jefferson v. State, 974 S.W.2d 887, 890-91 (Tex. App.--Austin 1998, no pet.). 

 Article 38.22, section 5 of the Code of Criminal Procedure provides:


 Nothing in this article precludes the admission of a statement made by the
accused in open court at his trial, before a grand jury, or at an examining trial in
compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the
res gestae of the arrest or of the offense, or of a statement that does not stem from
custodial interrogation, or of a voluntary statement, whether or not the result of
custodial interrogation, that has a bearing upon the credibility of the accused as a
witness, or of any other statement that may be admissible under law. 



Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (West Supp. 2004) (emphasis added). 

 Appellant was in custody at the time of the statements, but the evidence is
uncontested that he was not subject to express questioning or the functional equivalent of
interrogation. Appellant initiated the conversation with the officer regarding the charge on which
he was being held and subsequently volunteered the statements implying that he had the owner's
permission to be on the premises and that he was only investigating a possible "break-in." The trial
court did not err in overruling the objections and did not abuse its discretion in admitting the
evidence. 

Another Oral Statement

 In his third point of error, appellant complains of the admission, over objection, of
another unwarned custodial statement "and other testimony about the unattended children." 

 In the same voir dire examination referred to in our previous discussion, Officer
Manasco testified that as they started to leave the scene to take appellant to the detectives for an
interview, appellant made another oral statement. Appellant asked the officers to "wait a minute." 
Appellant then added: "I've got--there are three kids I've been keeping in the house next door." 
Manasco testified that other officers searched the house next door to the burglarized house and found
three children there and had them taken to CPS [Child Protective Services]. 

 Appellant's statement was admissible for the reasons stated in our disposition of point
of error two. It was not an unwarned custodial statement barred by Miranda and article 38.22. 
Appellant volunteered the statement. It was not elicited by questioning. Appellant's initial argument
is without merit. 

 Appellant also objected to the admission of appellant's statement about babysitting
three children as being in violation of Rules 402, 403 and 404(b) of the Texas Rules of Evidence. 
Appellant claimed that the evidence was not relevant and was inadmissible. Tex. R. Evid. 402. The
trial court overruled the objection noting that the evidence was relevant because the babysitting gave
appellant an opportunity on the day in question to observe the house next door and know it was
unoccupied. The evidence showed that appellant could have been aware of the opportunity for
burglary. 

 The trial court also overruled appellant's Rule 403 objection. Tex. R. Evid. 403. 
Under this rule, relevant evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice. Rule 403 requires the exclusion of evidence only where there
exists a clear disparity between the degree of prejudice of the offered evidence and its probative
value. Conner v. State, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001). The rule favors the admission
of relevant evidence and carries a presumption that relevant evidence will be more probative than
prejudicial. Id.; Jones v. State, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The fact that
appellant left the children unattended while engaged in burglary next door was prejudicial, but to his
credit, the statement also displayed his concern for the welfare of the children. The statement
contained relevant evidence of probative value, which was not substantially outweighed by the
danger of unfair prejudice. At the guilt/innocence stage of the trial, the ages of the children and
surrounding circumstances were not presented. (3) The evidence offered was brief and not emphasized
by the State. 

 Appellant also objected to the admission of appellant's statement on the basis of Rule
404(b). Tex. R. Evid. 404(b). Appellant argued that under the rule, evidence of other crimes,
wrongs, or acts is not admissible to prove the character of the person in order to show action in
conformity therewith. The trial court did not believe the statement revealed an extraneous offense
or bad act. The objection was overruled. The State points out that evidence of other crimes, wrongs,
or acts are expressly admissible under Rule 404(b) as proof of "opportunity" and that the trial court's
ruling was correct. We agree. 

 We conclude that the trial court did not abuse its discretion in admitting appellant's
statement about the three children. The trial court's ruling was within the zone of reasonable
disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). 

 In this point of error, appellant also expressly complains of the admission of "other
testimony about the unattended children." Appellant makes brief reference to Officer Manasco's
testimony that other officers found three children in the house and had them taken to "CPS." 
Appellant does not point out where he objected to this "other" testimony. Our examination of the
record fails to uncover any objection. Appellant failed to preserve error as to this particular matter. 
Tex. R. App. P. 33.1. The third point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Patterson and Onion*

Affirmed

Filed: April 15, 2004

Do Not Publish


















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.   See Miranda v. Arizona, 384 U.S. 436 (1966).
2.   See Tex. Code Crim. Proc. Ann. art. 37.07 (West Supp. 2004).
3.   At the penalty stage of the trial, appellant testified for the first time. He related that the
children were his two, three, and five-year-old nieces. He also told the jury that he was guilty of
criminal trespass, not burglary.