**Larry Evert PALKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41822.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Dougal C. Pope, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of a dangerous drug, to-wit, barbiturates; the punishment, one year in jail.

The appellant in his brief relies upon the following four grounds for reversal:

"1. The defendant has been denied due process and the right to a fair trial because the court did not require the court reporter to be present and to record the proceedings.

"2. It was reversible error for the trial court to refuse to let the defendant make a record after the termination of the trial.

"3. It was reversible error to prevent the defendant from making his bill of exceptions.

"4. It was reversible error for the court to refuse to grant defendant's instructions as to his defense."

The record reveals that the court reporter did not take any notes of the tes-

timony introduced by the state in presenting its case in chief. It appears that at the close of the testimony of the appellant on direct examination, while testifying in his own behalf, counsel for the appellant made request for the court reporter to take the testimony. To this request the court replied: "She can start at this point and take the testimony and not what happened before." The transcription of the testimony of the appellant on cross-examination covered one double spaced page in question and answer form. Next, the appellant called four reputation witnesses and rested his case. In rebuttal the state called one reputation witness.

It is undisputed that there was no request made by the appellant or the state to the trial court or the court reporter to take notes of the testimony during the trial on guilt or innocence until the close of the direct examination of the appellant. From this time the court reporter took the remainder of the testimony.

Art. 40.09, Sec. 4, Vernon's Ann.C.C.P., provides that:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments."

 When the defendant desires to have the court reporter take notes of the testimony, it is his duty and that of his counsel to timely and properly request the same. Such duty is not delegable and the defendant and his attorney are bound by their failure to make such request. Ground of error number one is overruled.

Grounds of error numbers two and three complain of the refusal of the court to let appellant make a record of the testimony after the termination of the trial or to make his bill of exception thereon.

 In failing to timely request the court reporter to take the testimony as required by Art. 40.09, supra, the appellant

under the facts of this case is not in position to complain of the court's refusals. Further, the record is silent as to the preparation of an agreed statement of the facts. Section 4, Art. 40.09, supra. Grounds of error numbers two and three are overruled.

 The court's refusal of appellant's instructions as to his defense cannot be considered in the absence of a complete transcription of the evidence. Trussell v. State, Tex.Cr.App., 374 S.W.2d 898.

The judgment is affirmed.

DOUGLAS, J., not participating.