Leo Edward MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43098.

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 31, 1970.

Gordon McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, W. T. Westmoreland, Jr., Edgar A. Mason and Harry J. Schulz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery with a firearm; the punishment, sixty years.

The sufficiency of the evidence is not challenged.

James T. Clark testified that on April 1, 1968, appellant, armed with a pistol, entered his supermarket in Dallas and demanded his money. All of the cash registers were emptied and appellant put the currency in a bag and after determining that the safe contained only silver, he fled.

Cuba Sheehan, an employee of the store, identified the appellant as the robber.

Appellant testified that he was in Coppell, Texas, on the day in question and that he did not commit the robbery.

He was impeached by his prior criminal record which included convictions for desertion at Fort Leavenworth, Kansas in 1948; for attempted larceny in Oklahoma in 1949; for grand larceny in Arizona in 1954; for violating the Dyer Act in Fort Worth in 1954; for felony theft in Dallas in 1956; for burglary in California in 1958; for two separate offenses of burglary in Dallas in 1960; for burglary in Odessa in 1961. It was shown that he was released from the penitentiary on March 1, 1968, and was convicted for theft of property under the value of $50.00 for an offense which occurred on March 3, 1968, and was assessed punishment of 150 days in the county jail.

In his first ground of error the appellant contends that the trial court erred when it failed to grant motions by both appellant and his counsel to permit said counsel to withdraw from the case. The record reflects that appellant was indigent and that on September 18, 1968, the court appointed Honorable Jon Franks to represent him. The record further shows that the case was passed some six times "generally" and three times at the request of the appellant. The case was tried on April 7, 1969.

On March 14, 1969, counsel filed a motion to withdraw, stating as a reason therefor that appellant was not satisfied with counsel and that they were unable to cooperate and that they did not see eye to eye.

The contention here is that appellant did not agree with and was dissatisfied with his court-appointed counsel. In Jackson v. United States, 258 F.Supp. 175 (U.S.D.C., which was affirmed in 384 F.2d 375 [5th Cir. 1967]), it was held:

"If the defendant does not agree with his counsel, he has a right to present his own contentions; but the sovereign is under no duty to search for counsel until it finds one who will agree with him."

The record reflects nothing prejudicial against the appellant except the evidence against him.

No abuse of discretion has been shown. The first ground of error is overruled.

In his second ground of error, the appellant contends that he was denied effective assistance of counsel because his appointed counsel failed to subpoena two witnesses who, appellant contends, could have testified favorably to his defense of alibi. It is shown, by appellant's own testimony, that appellant did not know where the witnesses were at the time of trial.

Ineffective assistance of counsel is not shown.

The Court fails to find in the record any indication that "the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Wilson v. State, Tex.Cr.App., 457 S.W.2d 902. See also Williams v. Beto, 354 F.2d 698 (5th Cir. 1965).

Appellant's second ground of error is overruled.

The judgment is affirmed.