Edward Rayford SWANSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45309.

Court of Criminal Appeals of Texas.

June 7, 1972.

Stratton & Taylor, by C. Bruce Stratton, R. E. Biggs, Liberty, for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice aforethought. Trial was held before a jury, which assessed punishment at confinement for twenty years.

In his sole ground of error, appellant states: "That the trial court erred and abused its discretion when it forced the defendant to go to trial without the benefit of his retained counsel in violation of the defendant's rights as set forth in the Sixth and Fourteenth Amendments to the Constitution of the United States." The gist of appellant's complaint is that he was not allowed to go to trial with Mr. Richard Haynes as his retained counsel, but was required to go to trial with Mr. Ramsey, an associate or partner of Haynes.

The record reflects that a hearing was held on August 31, 1970, at which time appellant's motion that his attorneys, Walsh and Krueger, be permitted to withdraw as counsel was heard. The motion was granted, and the case was set for trial on September 8, 1970. At the hearing, the trial court announced that he intended to go forward with the case, and that he would not permit delay solely on account of a

change of counsel. Ramsey was present at the hearing, and announced,

(We enter an appearance.)—

"and when I say 'we', particularly I mean the defendant has approached Mr. Haynes, Richard Haynes, and not me as his lawyer, as the trial lawyer. If it were me, it would be a different matter. I am here and ready to go, if we accept employment, are able, and enter an appearance at all, it will be for all three cases, if we are. But again, that is contingent upon the other lawyer's ability to be here."

and further announced:

"MR. RAMSEY: Judge, I certainly am in a position to commit our firm to try on Tuesday of next week. That is the first day available after Labor Day, in this case, or these three cases."

The court set the case for September 8, but retained a Mr. Biggs as appointed counsel until such time as the court became "quite sure that Mr. Haynes appear to represent him." The court designated Haynes as lead counsel, but announced, "So if Mr. Haynes is not here, Mr. Biggs will, or one of you (referring to Ramsey), will go ahead with this case."

The following then transpired between the court and appellant:

"I am going to permit the withdrawal, but first I want to ask you this, Edward Rayford Swanson, you have heard what has been said here, what has been read here, and you are standing here before the Bar beside Mr. Krueger and Miss Walsh, your present attorneys, and you have asked permission of the Court to permit them to withdraw, and you still want them to withdraw?

"MR. SWANSON: Yes, sir.

"THE COURT: And you understand now that even though Mr. Haynes may not be here next Tuesday, that this trial is going on with your appointed attorney, Mr. Biggs?

"MR. SWANSON: Yes sir.

"THE COURT: And you heard me, the Court, state to the counsel with Mr. Haynes' firm that he would be ready and could be here Tuesday?

"MR. SWANSON: Yes, sir.

"THE COURT: And that even if he was not here, that you are still going to trial?

"MR. SWANSON: Yes, sir.

"THE COURT: And with all of that knowledge and information, do you still wish to go ahead and request that the Court permit the withdrawal of Miss Walsh and Mr. Krueger in this case?

"MR. SWANSON: Yes, sir."

On September 8, appellant appeared with Ramsey as his counsel, and announced ready (by Ramsey, his counsel). At no time did either Ramsey or appellant request a continuance, or in any way inform the court that Haynes was the requested counsel, or indicate that he was dissatisfied with Ramsey.

On December 17, 1970, after conviction, judgment, and sentence, a hearing was held for the purpose of determining whether appellant was indigent, in order to determine the necessity of appointing counsel on appeal. At this hearing, appellant testified that he had engaged Haynes as his counsel, and that Haynes had promised to try the case. He further testified that Ramsey was sent by Haynes to the trial, and that Ramsey told him that Haynes would be coming at any time. He stated that he had not had time to discuss the case fully with Ramsey prior to trial.

Appellant's ground of error is without merit. The record indicates that he made no mention to the court that he desired that Haynes represent him at trial, and that appellant appeared in court, with counsel, on the day of trial and announced ready.

There was no request for a continuance, and the record does not disclose that Ramsey lacked adequate time for preparation nor does appellant contend that Ramsey's representation was inadequate. In light of appellant's failure to mention his desire that Haynes represent him until long after the trial, we perceive no error. See Miller v. State, 479 S.W.2d 670 (Tex.Crim.App., 1972); Robinson v. State, 458 S.W.2d 75 (Tex.Crim.App.1970). See also McKnight v. State, 432 S.W.2d 69 (Tex.Crim.App. 1968).

The judgment is affirmed.