**Charles Elton BOYKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45191.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

---

Ronald L. Goranson, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by firearms. Appellant was tried before a jury and assessed 50 years' confinement. Trial counsel and counsel on appeal were court appointed.

A man identified as the appellant approached the manager of a grocery store, pulled a gun and told the manager to put all the money in the manager's office and in the safe into a sack. The manager complied, giving the appellant approximately nine hundred dollars. The appellant then took the manager outside the store, ascertained which automobile was the manager's, and then took it to make his escape. An employee of the store followed the appellant and observed the appellant leave the manager's automobile and get into a station wagon driven by a woman. The employee continued to follow, attracted the attention of a police officer, and managed to get the police officer to stop the station wagon. A gun similar to that used in the robbery and a coin sack similar in appearance and containing the approximate amount of coins taken in the robbery were found in the car. The currency taken was subsequently found in the employee's automobile, with no explanation given as to how it was placed there.

Appellant's first two grounds of error each involve the issue of effective counsel.

(1) Appellant contends that he was denied his constitutional right to counsel reasonably likely to render effective assistance. Appellant urges that it was error for the court to not permit him a different choice of counsel since Mr. White, the court appointed attorney, had been hired by appellant in a prior case and appellant "was not satisfied with his services."

■ Appellant states in his brief, "The trial court offered no reason why appellant's prior counsel should be appointed other than that trial counsel was a fine lawyer." Where the court appoints counsel, the burden is not upon the court to show why a certain counsel should be appointed. Rather, it is a test as to whether the counsel at trial was so inadequate as to make the trial a farce and a mockery of justice. Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App.1972); Foster v. Beto, 412 F.2d 892 (5th Cir. 1969). In light of the entire record, we cannot conclude that the appointed attorney in this case failed to measure up to these standards. See Martin v. State, 460 S.W.2d 919 (Tex.Cr.App. 1970); Swanson v. State, 480 S.W.2d 705 (Tex.Cr.App.1972).

(2) Appellant also alleges the denial of effective assistance of counsel in that: "Appellant's trial counsel rendered ineffective counsel when he failed to advise the appellant on how to file a proper motion for continuance prior to the trial, failed to advise the court whether or not he had sufficiently prepared the case to be ready for trial, failed to object to the arraignment of the appellant in front of the jury and the State's complaining witness, failed to request a Wade-Gilbert-Stoval hearing to determine the basis of the in-court identification, and failed to direct that the arguments be recorded by the court reporter."

■ Appellant complains because counsel did not advise him that a motion for continuance had to be sworn to by appellant, and as a result, appellant filed a handwritten motion pro se seeking a con-

tinuance. We note that the trial judge nevertheless considered the motion on its merits, and we find no abuse of discretion on his part in overruling the motion. As to counsel being prepared for trial, the record reflects that counsel was appointed March 31, 1971 and the trial began April 13, 1971. In light of Art. 26.04(b), Vernon's Ann.C.C.P., we deem this sufficient time to prepare for trial. Further, the arraignment of appellant in the presence of the jury, while not condoned by this Court, [see Minafee v. State, 482 S.W.2d 273 (Tex.Cr.App.1972)] does not constitute reversible error.

■ Appellant's contention as to the failure of counsel to request a hearing on the in-court identification is also without merit in light of the uncontradicted eye witness testimony against appellant. Jones v. State, 458 S.W.2d 62 (Tex.Cr.App.1970). Counsel here is not to be judged ineffective by hindsight. Garcia v. State, 436 S.W.2d 911 (Tex.Cr.App.1969). Finally, appellant cannot now be heard to complain that the arguments were not recorded by the court reporter. The record reflects that neither defense counsel *nor appellant* requested the arguments be taken by the court reporter, in accordance with Art. 40.-09, Sec. 4, V.A.C.C.P. Appellant cites Palka v. State, 435 S.W.2d 525 (Tex.Cr.App. 1969), but his reliance on this case is misplaced. This Court in Palka stated:

"When the defendant desires to have the court reporter take notes of the testimony, it is his duty and that of his counsel to timely and properly request the same. Such duty is not delegable and the defendant and his attorney are bound by their failure to make such request."

Furthermore, appellant alleges no specific misconduct by the State in its argument, but instead speaks only in terms of "possible errors" committed during the argument. This ground of error is overruled.

Additionally, appellant has filed with this Court a pro se supplemental brief, alleging two other errors.

■ (1) "Trial court erred in sentencing appellant to 'not less than 5 years nor more than 50 years', as such sentence is fatally indefinite and uncertain as to punishment assessed." Appellant refers us to Ex parte Church, 163 Tex.Cr.R. 357, 292 S.W.2d 120 (1956), where a *judgment* which recited that defendant's punishment be assessed at a term of "not less than five years nor more than fifteen years" was held void for being indefinite. In Church, a jury had been waived and the above recitation was rendered by the court. In the instant case, the jury had fixed punishment at 50 years, and in pronouncing sentence, the trial judge complied with Texas' indeterminate sentence statute. Art. 42.09, V.A.C.C.P.

■ (2) Finally, appellant contends that the court erred in failing to comply with Art. 34.04 and 34.01, V.A.C.C.P. Specifically, he alleges that since he was charged with a capital offense, robbery by firearms, he was entitled to be tried by a jury selected from a special venire, and that he should have been furnished with a list of the veniremen from which the jury was to be selected. Such contentions are now raised by appellant for the first time, the record containing no motion to quash the jury panel. In the present case, the State filed written notice that it did not intend to seek the death penalty. This had the effect of reducing it to a non-capital case, by virtue of Art. 1.14, V.A.C.C.P. See Clardy v. State, 436 S.W.2d 535 (Tex.Cr.App.1969). Therefore, appellant cannot claim the benefits of Art. 34.01 and 34.04. Smith v. State, 455 S.W.2d 748, 753 (Tex.Cr.App.1970).

Appellant's supplemental contentions are overruled.

The judgment is affirmed.