Edward Louis WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45397.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Cole B. Parker, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Mike G. Mc-Collum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of robbery by assault. Punishment was assessed at 15 years' confinement.

Three grounds of error are alleged.

■ Appellant first contends that the court erred in refusing to grant his motion for continuance. The initial motion was filed in the name of Ray Sutter, a co-indictee in the case. The record reflects the following:

"PROCEEDINGS:

"(Whereupon the following proceedings are had outside the presence of the jury.)

"THE COURT: The court is now taking under consideration the defendants' motion for a continuance. Mr. McDearmon, the motion here is filed in the name of Ray Sutter. Do you want to adopt the same motion?

"MR. McDEARMON: That will be okay.

"THE COURT: We had better add the number. Actually I am not sure whether that is sufficient for your purposes or not.

"MR. McDEARMON: But if you would like for purposes of your record, I would be glad to dictate a separate one.

"THE COURT: Well, you can dictate it separately and file it later as of this time or you can copy it, but I think that your client would have to sign it as a separate motion, but let the record show that the defendants, Edward Louis Washington and Ray Sutter, each have the same motion for a continuance."

The record does not reflect a separate motion ever being filed on behalf of the present appellant. Nevertheless, the trial judge considered the motion on its merits, and we find no abuse of discretion on his part in overruling the motion. The basis of the motion by Sutter was the absence of his alibi witness, not alibi witnesses for appellant. Appellant's contention has no merit. See Boykin v. State, 487 S.W.2d 128 (Tex.Cr.App.1972).

■ Appellant next alleges that reversible error was committed in the form of improper jury argument. A recitation of certain facts is necessary in order to clarify this point. On September 8, 1970, two men entered and committed a robbery at a service station in Dallas. Appellant was positively identified by two eyewitnesses present in the station as one of the robbers. Another State's witness, a Mrs. Perez, testified that on the night in question, an automobile stopped in front of her house and the motor was left running. While one man remained in the automobile, two men emerged and walked to the nearby service station. Mrs. Perez stated that the two men came running back about five minutes later, and she heard three shots about the same time. The men got back into the automobile and drove away. Mrs. Perez testified that after she heard the shots, she told her husband what had happened, and he went to the station to speak to the attendants. The eyewitnesses to the robbery also testified that after the

robbery, a "Mexican boy," seemingly excited, came to the station and asked if there had been a robbery. The Mexican stated that he had heard some shots. One of the witnesses present during the robbery testified that after speaking to the Mexican boy, he "took it upon himself" to go to the edge of the street, and he found a hole in an advertising sign which he had not seen there before. It appeared to be a bullet hole. (Although the testimony presented infers that the "Mexican boy" was Mrs. Perez's husband, this was never made clear.)

In the State's argument, the jury was told that evidently, the Mexican boy had encountered the two robbers when they were fleeing the station and that "they had then fired at him." A similar argument was made during the punishment stage of the trial. Each time, an objection was made but the trial judge overruled the motion, on the ground that the prosecutor could "draw reasonable deductions . . . from the testimony." No further relief was requested.

We cannot agree that such a conclusion was reasonable, in light of the testimony presented. In the brief filed by the State, they conclude that one "could reasonably deduct that if that person was able to find one bullet hole immediately after three shots were fired, then he was present, if not in the line of fire, when the incident occurred." The logic of such a deduction does not merit comment by this Court. Further, the State, hopefully inadvertently, misstates the facts. The record reflects that the Mexican boy pointed out the direction in which the robbers' automobile went. It was one of the eyewitnesses to the robbery, who "took it upon himself," that found the hole in the advertising sign.

That portion of the argument objected to was improper and should not have been allowed. However, we are unable to conclude that the statements were of such a prejudicial nature as to necessitate a reversal of this cause. There were three eyewitnesses to the robbery, two of whom positively identified appellant as one of the participants in the robbery. The fact that pistols were used in the offense was well established by the State's evidence, as well as the fact that the victims were put in fear of life or bodily injury. In that respect, the prosecutor's statement did not inject harmful new facts.

■ However, it is difficult to imagine why prosecutors persist in resorting to such inflammatory tactics. The argument that the robbers "fired at the Mexican boy" is not at all supported by the record. This Court has only recently admonished prosecutors to stay within the record and not to discuss matters not in evidence, and we reiterate our disapproval of such arguments. See Stearn v. State, 487 S.W.2d 734 (Tex.Cr.App.1972) and Hodge v. State, 488 S.W.2d 779 (Tex.Cr.App.1972).

■ In his final ground of error, appellant alleges that his appointed counsel was ineffective. Appellant's only defense was alibi. He testified that he went to a girl friend's home about 4:00 p.m. on the day of the robbery and did not leave until midmorning of the following day. The girl friend testified and corroborated appellant's story. Throughout the trial, appellant's counsel vigorously participated in the defense of his client, even though the evidence against appellant was overwhelming. Defense counsel was not infallible; he was not required to be. Williams v. Beto, 354 F.2d 698, 705 (5th Cir. 1965). Certainly defense counsel was not so inadequate as to render the trial a farce and a mockery of justice. Boykin v. State, 487 S.W.2d 128 (Tex.Cr.App.1972); Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App. 1972). Appellant's contentions are without merit.

The judgment is affirmed.