**Bruce Wayne LONG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47231.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Tom A. Boardman, Lawrence B. Mitchell, Dallas (On motion for rehearing), James S. Moss, Mesquite (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our prior opinion is withdrawn and the following is substituted in lieu thereof.

The appellant was convicted of robbery by assault and assessed a punishment of ten (10) years by the jury.

On original submission the court-appointed counsel, who had also represented the appellant at trial, filed a brief stating an examination of the record convinced him the appeal was wholly frivolous. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), appointed counsel performed the same, including filing a brief advancing arguable grounds to support the appeal. Our per curiam opinion answered such contentions and also concluded after an examination of the record that the appeal was frivolous and affirmed the conviction.

Appellant is now represented by retained counsel and the court has granted his motion for leave to file a motion for rehearing. In such later motion appellant urges that he was denied the effective assistance of counsel during his trial, as well as his appeal, in violation of his Sixth Amendment rights. We shall consider the contention under the provisions of Article 40.09, subd. 13, Vernon's Ann.C.C.P., as unassigned error "in the interest of justice."

An examination of the record reflects that trial counsel filed a motion for discovery which was partially granted whereby he obtained a list of witnesses, medical reports, psychiatric and laboratory reports, etc. He secured a bench warrant for a defense witness who was in the Department of Corrections, had his first motion for continuance granted in view of an absent witness who was later found and who testified. His motion in limine to prohibit the introduction of certain evidence was also granted. During the trial, he made numerous objections, cross-examined most of the State's witnesses, offered the defense of alibi, made jury arguments and offered objections to the argument of the State.

Appellant's present counsel has nevertheless selected a number of trial counsel's decisions and lack of action from the record and comes up with the assertion of incompetent and inadequate representation.

■ First, he claims that counsel was ineffective in failing to request a hearing on the pre-trial identification procedure used to determine if such procedures were so suggestive as to taint the reliability of any subsequent identification by the witness.

The record reflects that Ira Smith, a bartender at Frankie's Lounge at 1507 South Ervay in Dallas, and one lone customer were robbed there at gunpoint by two Negro men on September 7, 1971 at about 10 p.m.

When Smith was asked to identify, if he could identify, the man who held a pistol on him, appellant's counsel objected and asked for a bench conference. Such discussion was out of hearing of the court reporter. Subsequently, the witness made his in-court identification without objection.

Later, the witness testified on direct examination, without any objection, that the police had shown him some five or six pictures and that he had identified appellant's photograph. He denied any suggestion was made to him, and stated he just "went through them and picked it out"; that his identification of the appellant's picture was based on his observations of the appellant during the course of the robbery at the lounge.

We are unable to determine what occurred at the unrecorded bench conference which caused counsel not to renew his objection to the in-court identification. Likewise, the record does not reflect whether counsel was aware prior to trial of the photographic identification. If he was and had learned that it was not suggestive, as the record reflects, then it would be ridiculous to require him to request a useless hearing on the same or face a claim of incompetency. Nevertheless,

appellant's present counsel urges such a hearing was essential since the record supports the fact that counsel knew the complaining witness had stated at the examining trial that Negroes all looked alike to him. On cross-examination the witness denied having made such statement. Counsel later called the attorneys who had represented the appellant at the examining trial, who testified that the witness had made such a statement. Since it is undisputed that the witness identified the appellant at the examining trial and it is not clear just in what context the statement, if any was made, was used, we cannot agree that counsel's knowledge of such statement necessitated his request of a hearing regarding the photographic identification.

■ Next, appellant complains that his trial counsel did not object to the investigating officer's testimony that a confidential informant had told him that the appellant had committed the alleged robbery. Certainly a valid objection could have been made, but the failure to object may well have been a part of trial strategy, since counsel argued to the jury that such informer was perhaps the guilty party and was only trying to shield himself by giving such information, and called attention to the testimony supporting the defense of alibi.

■ Further, appellant complains of counsel's failure to object to the arresting officer's testimony that he "was advised he (appellant) was wanted on several armed robbery offenses" when asked why he arrested appellant at the corner of Elm and Harwood. Clearly a valid objection could have been interposed to the apparent unresponsive answer, but an isolated instance such as this does not, standing alone, render counsel ineffective ipso facto.

■ Complaint is also made of failure to interrogate the State's rebuttal witness Bob Burks, a customer in the lounge at the time of the robbery. The witness related he also was robbed, but had been ordered to shut his eyes and was unable to identify

the robbers. Since appellant's defense was alibi, it appears that trial counsel was wise in not cross-examining the witness and running the risk of eliciting any incriminating evidence.

Still further, appellant complains that counsel failed to object to a purported oral confession when the appellant was asked on cross-examination if he did not recall telling the polygraph operator that he held a long barreled .22 pistol on the complaining witness. What appellant overlooks is the fact that counsel had in fact objected to any conversation with the polygraph operator and had been overruled after an unrecorded conference at the bench. Further, the appellant denied such statement and no further proof thereof was offered. It does not appear that the court should have ruled as it did, but counsel cannot be faulted for abiding by the adverse ruling after his objection had been overruled.

In addition appellant complains that appointed counsel also failed to render effective assistance of counsel on appeal. Calling attention to the fact that he filed an "Anders-type brief," counsel submitted four grounds that might arguably support the appeal. Appellant now complains that he should have raised two grounds of error concerning jury argument where his objection was overruled and one ground where his objection as to the proper predicate for impeachment of the appellant was not properly laid. An examination of the record reflects that the prosecutor's jury argument was invited by defense argument and does not present error. While the questions put to the appellant about his prior conviction could have been better framed, as the appellant now suggests, particularly where they would have served as a predicate for impeachment, we do not conclude they were improper questions and note also that appellant readily admitted his prior conviction.

The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the circumstances, Satillan v. State, 470 S.W.2d 677 (Tex.Cr.App.1971); Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971), and allegations of ineffective representation will be sustained only if they are firmly founded. Howard v. Beto, 466 F.2d 1356 (5th Cir. 1972).

In MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960), the court stated:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." See also Fletcher v. State, 396 S.W.2d 393 (Tex.Cr.App. 1965). It is remembered that defense counsel is not required to be infallible. Washington v. State, 488 S.W.2d 445 (Tex.Cr.App.1972).

And in Williams v. Beto, 354 F.2d 698 (5th Cir. 1965), the court also said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." See also Morgan v. State, 403 S.W.2d 150 (Tex. Cr.App.1966); Boykin v. State, 487 S.W.2d 128 (Tex.Cr.App.1972).

After reviewing the entire record, we fail to find that the appellant was denied the effective assistance of counsel, that counsel was incompetent, or that trial was a farce or mockery of justice. Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App.1972); Powers v. State, 492 S.W.2d 274 (Tex.Cr. App.1973).

The judgment is affirmed.