Daniel GREEN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–92–161–CR, 13–92–162–CR and 13–92–254–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 17, 1992.

Carlos L. Correa, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for the State.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

Appellant, Daniel Green, was charged in one indictment with two counts of aggravated robbery, and he was charged in a second indictment with a third count of aggravated robbery. To the first indictment, he pleaded guilty to both counts and was sentenced to eight years in prison, plus a $1,000 fine for count 1, and eight years in prison, plus a $10,000 fine for count 2. To the second indictment, he pleaded guilty and was sentenced to eight years in prison, plus a $1,000 fine. Appellant raises three points of error for our consideration. We affirm.

Appellant was charged with three counts of aggravated robbery by use of a deadly weapon. At the guilty-plea hearing, he pleaded guilty to the three charges and requested a presentence investigation report (PSI). The trial court deferred the finding of guilty. At the sentencing hearing, the trial court reviewed the PSI, found appellant guilty of the three charges, and sentenced him as mentioned above. Appellant waived the presence of a court reporter at both hearings. Thus, no statement of facts was filed with this appeal. Appellant's counsel has filed three appellate briefs (one for each count) which were prepared pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Attached to each brief is a copy of a letter (certified return receipt requested), dated June 10, 1992, notifying appellant of his right to file appellate briefs in this case. Appellant has not filed any appellate briefs with this Court.

By point one, appellant's counsel states that appellant waived the court reporter's presence, and therefore, no statement of facts had been prepared. When the accused desires to have the court reporter take notes of the testimony, the accused and counsel have the duty to timely and properly request it. This duty is not delegable, and the accused and counsel are bound by their failure to make the request. *Boykin v. State*, 487 S.W.2d 128, 131 (Tex. Crim.App.1972); *Palka v. State*, 435 S.W.2d 525, 526 (Tex.Crim.App.1969). *See Jones v. State*, 496 S.W.2d 566, 571 (Tex. Crim.App.1973), *cert. denied*, 414 U.S. 1132, 94 S.Ct. 873, 38 L.Ed.2d 757 (1974) (failure to request court reporter to take voir dire examination of jury panel constituted a waiver and not basis for reversal). Under these circumstances, the accused is not denied the rights of due process or a fair trial. *Palka*, 435 S.W.2d at 526; *Reyna v. State*, 434 S.W.2d 362, 364 (Tex.Crim. App.1968). Even if a request is made and refused by the trial court, no reversible error is shown when appellant does not allege any error which the statement of facts would reveal. *Reyna*, 434 S.W.2d at 364; *Morris v. State*, 411 S.W.2d 730, 735 (Tex.Crim.App.1967).

In the present case, the docket sheets show that a court reporter's presence was

waived at the guilty-plea hearing and at the sentencing hearing. Further, appellant does not allege that the State or the trial court committed any error during these hearings. We hold that the waiver of a court reporter's presence did not constitute error in this case.

■ By point two, appellant's counsel states that the trial court acted within its discretion by relying on the material found in the PSI for sentencing. Article 42.12, § 9(a) of the Texas Code of Criminal Procedure provides, in relevant part:

Before the imposition of sentence by the court in a felony case, ... the court shall direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the trial court....

Article 37.07, § 3(d) of the Texas Code of Criminal Procedure provides (emphasis ours):

When the judge assesses the punishment, he may order an investigative report as contemplated in Section 4 of Article 42.12 of this code *and after considering the report,* and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

In the present case, the docket sheets show that the trial court reviewed appellant's PSI prior to assessing punishment. We hold that the trial court did not err in considering appellant's PSI prior to assessing his punishment. *See* Tex.Code Crim. Proc.Ann. art. 37.07, § 3(d) (Vernon Supp. 1992).

■ By point three, appellant's counsel states that the trial court properly assessed appellant's punishment in accordance with the Texas Penal Code. Appellant was charged with three counts of aggravated robbery. These offenses are first-degree felonies. Tex.Penal Code Ann. § 29.03(b) (Vernon Supp.1992). A person adjudged guilty of a first-degree felony shall be punished by confinement in prison for life or for any term of not more than ninety-nine years or less than five years. In addition to imprisonment, a person adjudged guilty of a first-degree felony may be punished by a fine not to exceed $10,000. Tex.Penal Code Ann. § 12.32(a) and (b) (Vernon Supp. 1992).

In the present case, appellant's punishment is within the statutory limits of punishment provided in § 12.32(a) and (b). Considering the facts before us, we cannot say that the trial court abused its discretion in assessing appellant's punishment. *See Bonfanti v. State,* 686 S.W.2d 149, 153 (Tex.Crim.App.1985) (trial court did not abuse its discretion in sentencing accused convicted of aggravated rape to life in prison).

The trial court's judgments are AFFIRMED.