IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-420-CR





CHALLO GARCIA MENDEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 92-075, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 




 After the jury found appellant guilty of the offense of aggravated sexual assault of
a child, Tex. Penal Code Ann. § 22.021(a)(1)(B) (West 1989), the court assessed punishment,
enhanced by a prior felony conviction, at confinement for sixty years. In ten of appellant's twelve
points of error, complaint is made of the denial of effective assistance of counsel for appellant in
the trial court. In points of error one and three, appellant asserts that the trial court erred in not
permitting a venireperson to answer defense counsel's question and in failing to correctly define
the offense of aggravated sexual assault in its charge. We will overrule appellant's points of error
and affirm the judgment of the trial court.

 In his first point of error, appellant urges that the trial court abused its discretion
in not allowing a prospective juror to answer the following question during voir dire examination: 
"There's been no evidence in this case so far. Will you be able to find the defendant not guilty
at this time, sir?" The court sustained the prosecutor's objection that the question called for a
commitment by the juror. Appellant reasons that his question was predicated on there being "no
evidence in this case so far" and, under the law of presumption of innocence, the panel member
would be obligated to find the appellant not guilty. Appellant states that this is a proper area of
inquiry since the venireperson would be subject to challenge if he did not find the appellant not
guilty when no evidence had been presented.

 A defendant must show that the question sought to be asked was a proper one in
order to establish an abuse of discretion by the trial court. Harkey v. State, 785 S.W.2d 876, 878
(Tex. App.--Austin 1990, no pet.). "[T]he denial of a proper question which prevents the
intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not
subject to harm analysis under Rule [Tex. R. App. P.] 81(b)(2)," Nunfio v. State, 808 S.W.2d
482, 485 (Tex. Crim. App. 1991). The resolution of appellant's contention turns on whether the
question asked by trial counsel was a proper one. In Cuevos v. State, 742 S.W.2d 331, 336, n.6
(Tex. Crim. App. 1987), the court stated: "It is improper to inquire how a venireperson would
respond to particular circumstances as presented in a hypothetical question." If the jury panel
were made up of members of the legal profession, we would find appellant's argument more
persuasive that a venireperson should recognize that a finding of not guilty is mandated when no
evidence has been presented. Since this is not the case, we conclude that the proffered question
comes within the prohibition of attempting to require prospective jurors to commit themselves
prior to trial. We hold that the court did not abuse its discretion in sustaining the State's objection
to appellant's question. Appellant's first point of error is overruled.

 In his third point of error, appellant contends that it was fundamental error for the
trial court to instruct the jury in its definition of aggravated sexual assault that the offense included
penetration of the anus or female sexual organ of a child by any means when the indictment
alleged appellant caused his tongue to penetrate the victim's sexual organ. Appellant points to the
fact that the victim's testimony is limited to the offense as alleged in the indictment. In defining
the offense, the court tracked the statutory definition. See Tex. Penal Code Ann.
§ 22.021(a)(1)(B) (West 1989). Contrary to appellant's contention, the courts have held that it
is proper for the trial court to set forth the general law defining the offense charged and then make
a direct and pertinent application of the law to the facts in the case. See Rogers v. State, 687
S.W.2d 337, 344 (Tex. Crim. App. 1985); Toler v. State, 546 S.W.2d 290, 294 (Tex. Crim.
App. 1977). It is undisputed that the trial court applied the law to the facts of the case in the
charging portion of its charge to the jury. Appellant's third point of error is overruled.

 In his remaining points of error, appellant asserts that he was denied effective
assistance of counsel in the trial court. The standard by which we judge whether a defendant
received reasonable assistance was reviewed in Haynes v. State, 790 S.W.2d 824, 826 (Tex.
App.--Austin 1990, no pet.):



In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1980), the Supreme Court held that in order to show ineffective
assistance of counsel, a convicted defendant must (1) show that his trial counsel's
performance was deficient, in that counsel made such serious errors he was not
functioning effectively as counsel, and (2) show that the deficient performance
prejudiced the defense to such a degree that appellant was deprived of a fair trial. 
In this connection, a strong presumption exists that counsel rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment. "Prejudice," however, is demonstrated when the convicted
defendant shows a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." 
No mechanistic formula was provided by Strickland. "The benchmark for judging
any claim of ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as
having produced a just result."


(Citations omitted).

 The difficulty of evaluating an attorney's performance from the perspective of
counsel at the time decisions are made is emphasized in Minial v. State, 831 S.W.2d 310, 323
(Tex. Crim. App. 1992):



A fair assessment of attorney performance requires that every effort be made to
eliminate the distorting effects of hindsight, to reconstruct the circumstances of
counsel's challenged conduct, and to evaluate the conduct from counsel's
perspective at the time. Because of the difficulties inherent in making such
evaluation we must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance i.e., the defendant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.


(Emphasis added).

 In his second point of error, appellant urges he was denied effective assistance by
trial counsel's failure to object to the court's definition of aggravated sexual assault in its charge
to the jury. Appellant's complaint is directed to the identical portion of the charge appellant
asserts as fundamental error in his third point of error. Our treatment of appellant's third point
of error negates any basis for finding trial counsel ineffective under this contention. Appellant's
second point of error is overruled.

 In his fourth point of error, appellant faults trial counsel for failure to object to the
prosecutor's voir dire examination that included a discussion of penetration in the language of the
statute rather than the more specific type of penetration alleged in the indictment. Without citation
of authority, appellant urges that the State sought to imbue the jury with the belief it could convict
with proof that appellant penetrated the child's sexual part by any means.

 The prosecutor reviewed the abstract statutory law relating to the penetration issue. 
Since the court properly gave the statutory definition of the offense in its charge, we decline to
find counsel ineffective for failure to object to this portion of the voir dire examination. 
Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts that trial counsel's representation was
ineffective in that counsel failed to make an informal bill of exception when the court sustained
the State's objection to defense counsel's cross-examination of the victim as to whether she knew
that her grandmother was upset with her before appellant took her from the house on the night of
the alleged offense. Appellant urges that the emotional state of being upset was observable by the
eight year old victim and a matter about which she was competent to testify.

 Error may not be based on a ruling which excludes evidence unless a substantial
right of a party is affected, and the substance of the evidence was made known to the court by
offer or was apparent from the context within which questions were asked. See Tex. R. Crim.
Evid. 103(a)(2). The thrust of appellant's defense was that the alleged offense never occurred and
that the victim's testimony was a fabrication. Appellant has not demonstrated how an affirmative
or negative answer to the question may have contributed to appellant's conviction. We hold that
error, if any, in trial counsel's failure to make an offer of proof did not deprive appellant of a fair
trial. Appellant's fifth point of error is overruled.

 In his sixth point of error, appellant complains of trial counsel's failure to offer
proof when the trial court sustained the State's objection to defense counsel's question as to
whether the victim told her counselor about her grandmother's husband. Appellant reasons that
defense counsel's failure to make an offer of proof of what the excluded testimony would have
shown precludes the appellate court from determining its admissibility and, if admissible, whether
the evidence contributed to the conviction or the punishment.

 Defense witness Mary Romero, grandmother of the victim, testified that her
granddaughter (victim) made a similar accusation against her estranged husband when the child
was about six years old. Romero further testified that she did not believe appellant had assaulted
the victim.

 Although an informal bill of exception would have transpired out of the presence
of the jury, the matter of examination of an eight year old victim can pose a delicate problem for
the cross-examiner. Prudent trial tactics may have dictated that counsel not pursue this line of
questioning further. Assuming the answer to the proffered question would have been admissible,
appellant advances no argument as to how exclusion of the victim's response would have affected
the outcome of the trial. Appellant has not overcome the presumption that trial counsel's conduct
falls within the wide range of professional assistance. Appellant's sixth point of error is
overruled.

 In his seventh point of error, appellant complains of trial counsel's failure to make
an offer of proof when the trial court sustained the State's objection to defense counsel's question
to defense witness Carolyn Ehrig: "Do you think that if this child [victim] had been threatened,
you would have seen it in her eyes, if she was scared?" Since the victim came to Ehrig's house
shortly after the alleged assault, appellant avers that the witness could observe whether fear
showed in her eyes. The testimony trial counsel sought to elicit was cumulative of other
testimony by the witness that the victim "seemed normal--she did not look traumatized or anything
as if something had happened to her--she did not look scared as if she was in any danger." 
Appellant has not established how the failure of trial counsel to offer proof of the excluded answer
contributed to the conviction or punishment. Appellant's seventh point of error is overruled.

 In his eighth point of error, appellant faults trial counsel's action in not objecting
to Officer David Brent's bolstering and hearsay testimony. Brent testified that he spoke with the
victim in Officer Jim Gillis' office while Gillis was in the process of entering forms into his
computer to take her statement. Brent related that the statement the victim gave Gillis was
consistent with what she had told the officer. Appellant points to the fact that Gillis had not
testified before Brent and urges that Brent's testimony was inadmissible as hearsay and an effort
to bolster a witness who had not testified.

 Prior to the complained of testimony, the victim had been subjected to cross-examination that suggested she had fabricated her testimony about the offense. In a closely related
factual situation, the court in Moody v. State, 827 S.W.2d 875, 893-894 (Tex. Crim. App.) cert.
denied, 113 S.Ct. 119 (1992), rejected a hearsay complaint where the father of a minor child
testified that the defendant had assaulted his daughter. The Moody court found that the
complained of testimony was admissible as rebuttal evidence after the child had been subjected
to cross-examination that implied that the child had fabricated her story. We conclude that trial
counsel's failure to object in the instant case does not constitute ineffective counsel. Appellant's
eighth point of error is overruled.

 In his ninth point of error, appellant asserts that he did not receive effective
assistance of counsel in light of trial counsel's failure to object to the hearsay testimony of child
welfare worker Lisa Shoenherr that Amy Rodriquez, a defense witness, had made a complaint to
her that Sandra Cantu (victim's mother) and Mary Romero (victim's grandmother) were causes
of victim's neglect. Appellant urges that Shoenherr's hearsay testimony adversely affected the
credibility of the testimony of defense witnesses Romero and Cantu that tended to undermine the
victim's allegations against appellant. Any harm caused appellant by the complained of testimony
was largely negated by trial counsel's cross-examination of Schoenherr about why she did not take
any action in response to this report about the victim being neglected. We conclude that appellant
has not demonstrated how the exclusion of the complained of testimony would have altered the
outcome of the trial. Appellant's ninth point of error is overruled.

 In his tenth point of error, appellant complains of trial counsel's failure to have the
medical report of Dr. Hilda Abcede included in the appellate record after the trial court denied
its admission. Contrary to appellant's contention, the medical report of Dr. Abcede is included
in the exhibits of this cause. Appellant's tenth point of error is overruled.

 In his eleventh point of error, appellant complains of trial counsel's failure to object
and seek an instruction to disregard when Officer Gillis' response to the prosecutor's question
about how he knew appellant was, "I know him from a previous contact." Appellant suggests that
the officer's answer would infer that appellant engaged in prior criminal activity.

 Among a number of claims of ineffective assistance of counsel, the defendant in
Long v. State, 502 S.W.2d 139, 141 (Tex. Crim. App. 1973), complained of trial counsel's failure
to object to the arresting officer's testimony that he "was advised he (defendant) was wanted on
several armed robbery offenses" when asked why he arrested defendant. While noting that a valid
objection could have been interposed to the officer's answer, the court held that an instance such
as this does not render counsel ineffective. Clearly, the complained of answer in the instant cause
does not reach the level of harmfulness of the testimony in Long. Appellant's eleventh point of
error is overruled.

 In his twelfth point of error, appellant asserts that he was denied effective assistance
of trial counsel because of the combined and cumulative effect of trial counsel's errors set forth
in appellant's previous points of error. Our review of the totality of appellant's representation in
the trial court convinces us that the assistance of defense counsel was within the wide range of
reasonable professional assistance. Appellant's twelfth point of error is overruled.

 The judgment is affirmed.



 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed

Filed: September 15, 1993

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).