Affirmed and Memorandum Opinion filed March 2, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-01000-CR



 

Justin Ross Deshayes, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 1114542



 

MEMORANDUM OPINION

            

Appellant Justin Ross DeShayes pleaded guilty to
aggravated robbery, a first-degree felony carrying a sentence ranging from five
to ninety-nine years’ confinement.  Following his plea, the court sentenced him
to fifteen years’ confinement.  Appellant contends (1) his sentence violates
the Eighth Amendment of the United States Constitution and (2) defense counsel
was ineffective.  We affirm.

I.     Background

            Appellant was
charged with the felony offense of aggravated robbery with a firearm.  Appellant
pleaded guilty as charged, and the court sentenced appellant to fifteen years’
confinement.  Appellant did not request a court reporter to record his
sentencing hearing.  Appellant now contends (1) his sentence violates the
Eighth Amendment of the United States Constitution, and (2) defense counsel was
ineffective for failing to request a court reporter. 

II.   Discussion   

A.   Eighth Amendment

Appellant contends his sentence constitutes cruel and
unusual punishment in violation of the Eighth Amendment because he received a
sentence of fifteen years’ confinement when he was otherwise eligible for
probation.  We disagree.  Appellant’s belief that he was eligible for probation
is misplaced.  A judge may not assess probation where a defendant is adjudged
guilty of aggravated robbery, as is the case here.  Tex. Code Crim. Proc. Ann.
art. 42.12(3g)(F) (Vernon Supp. 2009).

Additionally, aggravated robbery carries a sentence
ranging from five to ninety-nine years’ confinement.  Tex. Penal Code Ann. §
12.32 (Vernon Supp. 2009), § 29.03 (Vernon 2003).  Appellant’s fifteen-year
sentence was well within this range.  We also note that appellant was not a
first-time offender, having already been convicted of one count of assault and
two counts of possession of marijuana.  See §§ 12.32, 29.03; Tex. Penal
Code Ann. § 22.01 (Vernon Supp. 2009); Tex. Health & Safety Code Ann. §
481.121 (Vernon Supp. 2009).

            Furthermore, to
preserve error for appeal, a defendant must object to his sentence during the
sentencing phase or in a post-trial motion.  See Curry v. State, 910
S.W.2d 490, 497 (Tex. Crim. App. 1995); Cruz v. State, 838 S.W.2d 682,
687 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d).  Appellant nowhere
points to any such objection.  Thus, he has not preserved error for our
review.  See id.  Accordingly, we overrule this issue.

B.   Ineffective
Assistance of Counsel

            Appellant
contends he received ineffective assistance of counsel because his attorney did
not request a court reporter for his sentencing hearing.  Both the federal and
state constitutions guarantee an accused the right to the reasonably effective assistance
of counsel.  See U.S. Const.
Amend. VI; Tex. Const. art. I, § 10; Strickland v. Washington, 466 U.S. 668,
686 (1984).  When we review claims of ineffective assistance, we apply a two-pronged
test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)
(citing Strickland, 466 U.S. at 687).  The defendant must prove by a
preponderance of the evidence that (1) counsel’s representation was deficient
in that it fell below the standard of prevailing professional norms and (2)
there is a reasonable probability that, but for counsel’s deficiency, the
result would have been different.  Id. (citing Strickland, 466
U.S. at 687).  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001).

            We 
consider the totality of the representation and the particular circumstances of
each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We begin with the strong presumption that counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy.  Salinas,
163 S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d).  To overcome the presumption, a
defendant must show that his allegation of ineffectiveness is firmly
established in the record.  Thompson, 9 S.W.3d 814.  

When the record is
silent as to the reasons for counsel’s conduct, a finding that counsel was
ineffective would generally call for impermissible speculation by the appellate
court.  Stults, 23 S.W.3d at 208.  Therefore, it is critical for an
accused relying on an ineffective-assistance claim to make the necessary record
in the trial court.  Id.  

            When
a defendant desires to have a court reporter make a record of the testimony at
trial, he has a duty to timely and properly request it.  Boykin v. State,
487 S.W.2d 128, 131 (Tex. Crim. App. 1972); Palka v. State, 435 S.W.2d
525, 526 (Tex. Crim. App. 1969); Green v. State, 841 S.W.2d 926, 927
(Tex. App.—Corpus Christi 1992, no pet.).  Courts have routinely held the
absence of a court reporter from a sentencing hearing is not grounds for
reversal.  See, e.g., Garza v. State, 212 S.W.3d 503, 506 (Tex.
App.—Austin 2006, no pet.); Green, 841 S.W.2d at 927; Gonzales v.
State, 732 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.] 1987, no pet.).  

            In
response, appellant argues that a record would have revealed whether counsel,
with regard to appellant’s sentence and an victim impact statement, might have either
(1) failed to object, or (2) objected but failed to preserve error.       Appellant,
however, has presented no evidence regarding the content of the victim impact
statement or how the result would have been different had counsel objected and
preserved error to the statement.[1] 
    Since appellant has not shown harm, he fails the second prong of Strickland. 
See Strickland, 466 U.S. at 687.  We also note that he has offered no
evidence from which we can conclude counsel’s representation was deficient.  Therefore,
appellant does not meet either prong of Strickland, and, we overrule
appellant’s second issue.

III. 
Conclusion

Having overruled appellant’s issues, we affirm the
judgment and sentence.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant contends he need only show the result might have been
different had counsel objected and preserved error regarding the statement. 
However, precedent requires that he show there is a reasonable probability that
the result would have been different.  See Strickland, 466 U.S. at 687
(emphasis added).  Aside from speculating what the record might show,
appellant presents no evidence from which we can conclude there is a reasonable
probability the result would have been different.  See id.