Opinion issued March 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00663-CR

———————————

Jeremy David Shivers, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1165765

 



 

MEMORANDUM OPINION

Appellant
Jeremy Shivers pleaded guilty to the offense of unauthorized use of a motor
vehicle, and the trial court deferred adjudication.  See Tex. Penal Code Ann. § 31.07 (West
2003).  The State later moved to
adjudicate, alleging that Shivers violated the terms and conditions of his
probation by committing assault.  The
State and Shivers agreed to the sentence that the trial court should impose,
and Shivers pleaded true to the motion to adjudicate.  The trial court adjudicated Shivers’s guilt,
and in accordance with his agreement with the State, the court sentenced him to
16 months’ confinement in state jail and assessed a fine of $500.  

          On
appeal, Shivers contends that he received ineffective assistance of
counsel.  Specifically, he contends that
his trial counsel was ineffective for failing to request a hearing on the
motion to adjudicate, failing to request a hearing on punishment, and failing to
request a court reporter to record the proceedings for appeal.  Shivers has not shown that his counsel’s
performance was deficient or that, but for his counsel’s alleged unprofessional
errors, the result of the proceeding would have been different.  Accordingly, we affirm.

I.                 
Background

Shivers did not contest the State’s
motion to adjudicate guilt.  The record
in this case consists of the clerk’s record. 
No reporter’s record was made during the proceedings on the motion to
adjudicate.  Shivers waived “the
appearance, confrontation, and cross-examination of witnesses”; consented to
the introduction of affidavits, written witness statements, and other
documentary evidence; and stipulated that certain facts were true, including
that he committed the offense of assault, violating the terms and conditions of
his probation.  His initials appear
beside each of 16 admonishments, which included a statement that he had the
right to have a court reporter record his plea. 
In his signed statement he acknowledged that he understood the
admonishments he was given and was fully satisfied with his counsel’s
representation.  The trial court
adjudicated Shivers’s guilt and sentenced him in accordance with his agreement
with the State.

II.              
Standard of review

The standard of review for claims
of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687–96, 104 S. Ct. 2052,
2064–69 (1984), and Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  To
prevail, Shivers must first show that his counsel’s performance was deficient. Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Bone, 77 S.W.3d at 833.
“Specifically, appellant must prove, by a preponderance of the evidence, that
his counsel’s representation fell below the objective standard of professional
norms.” Bone, 77 S.W.3d at 833.  “Second, appellant must show that this
deficient performance prejudiced his defense,” meaning that Shivers “must show
a reasonable probability that, but for his counsel’s unprofessional errors, the
result of the proceeding would have been different.”  Id.
(quoting Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002)).  A
“reasonable probability” is one “sufficient to undermine confidence in the
outcome.”  Id.  Thus, the “benchmark for
judging any claim of ineffectiveness must be whether counsel’s conduct so
undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.”  Strickland,
466 U.S. at 686, 104 S. Ct. at 2064.

There is a strong presumption that
counsel’s conduct fell within the wide range of reasonable professional
assistance, and the defendant must overcome the presumption that the challenged
action might be considered sound trial strategy. Id., 466 U.S. at 689, 104 S. Ct. at 2065.  To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999).  When determining
the validity of an ineffective-assistance-of-counsel claim, judicial review
must be highly deferential to trial counsel and avoid the deleterious effects
of hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  The record on direct appeal will rarely
contain sufficient information to evaluate an ineffective-assistance-of-counsel
claim.  See Bone, 77 S.W.3d at 833.  Based
on such a record, a finding that counsel was ineffective would normally require
impermissible speculation by the appellate court.  Stults
v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  When the record is silent as to
trial counsel’s strategy, we will not conclude that defense counsel’s
assistance was ineffective unless the challenged conduct was “‘so outrageous
that no competent attorney would have engaged in it.’”  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).

III.          
Analysis

Shivers argues that his trial
counsel should have requested a hearing on the motion to adjudicate and as to
punishment and, further, should have requested that a court reporter record the
proceedings.  

          A
defendant may waive any legal right except the right to trial by jury in a
capital case in which the State seeks the death penalty.  Tex.
Code Crim. Proc. Ann. art. 1.14 (West 2005).  For example, an appellant may waive his right
to have a court reporter record the proceedings in the trial court, and doing
so does not deprive him of a fair trial. 
Palka v. State, 435 S.W.2d
525, 526 (Tex. Crim. App. 1969); accord
Green v. State, 841 S.W.2d 926, 927 (Tex. App.—Corpus Christi 1992, no
pet.).  “Even if a request is made and
refused by the trial court, no reversible error is shown when appellant does
not allege any error which the statement of facts would reveal.”  Green,
841 S.W.2d at 927.

Shivers argues that if his trial
counsel had requested hearings and had them recorded, the result “might have
been different.”  He does not explain why
the result might have been different or identify any specific evidence he would
have introduced or any error that would have been apparent in a reporter’s
record but is not apparent in the appellate record in this case.  He waived his right to appearance, confrontation,
and cross-examination of witnesses; to having compulsory process to obtain
attendance of witnesses in his favor; and to having his plea recorded by a
court reporter.  He pleaded true to the
motion to adjudicate and stipulated that he violated the terms and conditions
of his probation by committing assault.  

His allegation of ineffective
assistance of counsel is not firmly founded in the record, and Shivers makes no
argument explaining why a hearing was necessary on the motion to adjudicate or
on punishment in light of his waivers and stipulations.  His waiver of a court reporter did not
deprive him of a fair trial.  See id. 
In this case, nothing in the appellate record shows that Shivers’s
“counsel’s conduct so undermined the proper functioning of the adversarial
process that the trial cannot be relied on as having produced a just result.”  Strickland,
466 U.S. at 686, 104 S. Ct. at 2064.  Shivers
acknowledged that he was satisfied with his trial counsel’s
representation.  Shivers has not shown
that his counsel’s performance was deficient or that, but for his counsel’s
alleged unprofessional errors, the result of the proceeding would have been
different.  See Bone, 77 S.W.3d at
833.  Accordingly, we overrule his sole
issue.

The trial court certified Shivers’s
right to appeal, however the certification does not include his signature as
required by the Texas Rules of Appellate procedure, indicating that he has been
informed of his rights to appeal or to file a pro se petition for discretionary
review.  This defect has not been
remedied by the trial court or Shivers’s attorney.  We therefore order Shivers’s attorney,
pursuant to Texas Rule of Appellate Procedure 48.4, to send Shivers a copy of
this opinion and our judgment, to notify him of his right to file a pro se
petition for discretionary review, and to inform him of the pertinent
deadlines.  See Tex. R. App. P.
48.4, 68.  Shivers’s attorney is further
ordered to comply with any additional requirements of Rule 48.4.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Do not publish. 
 Tex. R. App. P. 47.2(b).